**Frank JANUARY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–88–00296–CR.**

Court of Appeals of Texas,
Tyler.

Feb. 28, 1991.

Rehearing Denied March 29, 1991.

**632**

Sam R. Hicks, Palestine, for appellant.

Travis L. McDonald, Jr., Huntsville, for appellee.

PER CURIAM.

Appellant, Frank January, was convicted by a jury of the offense of possession of a deadly weapon in a penal institution and sentenced to ten years' confinement in the Texas Department of Corrections (hereinafter "TDC"). We affirm the judgment as reformed herein.

The evidence shows that during the search of a cell in the Michael Unit, TDC, officers found that a piece of metal had been cut out of the cell door, but upon searching the cell, the missing piece of metal was not found. A review of their records revealed that appellant had been the previous occupant of that cell. Upon conducting a search of appellant's current cell, the officers discovered a metal shank or homemade knife between the wall and appellant's bed. They compared the shank with the missing metal from appellant's previous cell and determined that the two matched. Appellant was thereafter indicted for possession of a deadly weapon in a penal institution.

On appeal, appellant raises three points of error. His first point alleges that the trial court erred in failing to grant appellant's timely motion for mistrial because of the allegedly prejudicial jury argument of the prosecution. The portion of the prosecution's jury argument about which appellant complains is as follows:

> This offense was committed late December, 1987, yet this document caused him to be in fear for his life. The date of this document is March 1st, 1988. When I confronted him about it, he starts suddenly remembering "Oh, no, that wasn't it, that was—I heard something else." So the yarn gets bigger and bigger.

> Now we have other inmates telling him that he's in fear. *He's not only in fear of his life from the Texas Syndicate, but also his friends in the Mexican Mafia.* (Emphasis ours.)

The Court of Criminal Appeals has held that the four areas of acceptable jury argument are: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, and (4) plea for law enforcement. *Allridge v. State*, 762 S.W.2d 146, 155 (Tex.Cr. App.1988), *stay denied*, 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238.

During the trial, the State made several unsuccessful attempts to introduce evidence of appellant's membership in a prison gang. These efforts were thwarted at every step of the trial, and thus the State's closing argument attempted to imply facts that the State had not been able to introduce into evidence. The State argues that the statement complained of by appellant was merely a sarcastic summation of the evidence. While we agree that the record indicates appellant had expressed his fear of several prison gangs, we find that the prosecuting attorney's remark with regard to appellant's "friends in the Mexican Mafia" was more than a summation of the evidence. Therefore, the State's comment was outside the scope of permissible jury argument.

Having concluded that the State's comment with regard to "friends in the Mexican Mafia" was error, we must now determine whether that error is reversible. TEX.

R.APP.P. 81(b)(2) provides that: "If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." In the instant case, appellant was convicted of possession of a deadly weapon in a penal institution. The elements of this offense are set forth in TEX.PENAL CODE § 46.11(a) (Vernon 1989):

> A person commits an offense if, while confined in a penal institution, he intentionally, knowingly, or recklessly:
>
> (1) carries on or about his person a deadly weapon; or
>
> (2) possesses or conceals a deadly weapon in the penal institution.

In conducting a harm analysis as required by Rule 81(b)(2), we look to the recent Court of Criminal Appeals decision, *Harris v. State*, 790 S.W.2d 568 (Tex.Cr.App.1989) (en banc). In *Harris*, that court established a two-step analysis. The first step requires that the court isolate the error and all of its effects. The court then sets forth six factors to aid appellate courts in performing this first step of the analysis; these factors include consideration of: the source of the error; the nature of the error; whether or to what extent the error was emphasized by the State; its probable collateral implications; how much weight a juror would probably place on the error, and whether declaring the error harmless would encourage the State to repeat it with impunity. *Harris*, 790 S.W.2d at 587–588. The second step requires that we determine whether a rational trier of fact might have reached a different result if the error and its effects had not resulted. In *Higginbotham v. State*, 807 S.W.2d 732, 734–35 (Tex.Cr.App.1991), the Court of Criminal Appeals emphasized that: "[The] reviewing court is not to focus on the propriety of the outcome of the case, rather it "should be concerned with the integrity of the process leading to the conviction." *Higginbotham* at p. 734, *quoting, Harris*, 790 S.W.2d at 587.

Applying the reasoning set forth in the first step of *Harris*, we note that the source of the error resulted from a remark of the prosecutor during closing arguments. The nature of the error consisted of the possibility that the jury might infer that appellant was a member of a gang despite the fact that no such evidence was introduced at trial. However, the error was not emphasized or repeated by the State following the court's instruction to disregard, and the collateral implications of the statement were also minimal. Furthermore, the jury would probably have put very little emphasis on what appears from the face of the record to be a sarcastic remark rather than a comment of substantive value. To take the statement literally, the jury would have had to believe that appellant feared those whom the prosecutor alluded to as appellant's friends. The obvious incongruity of such a statement indicates that reasonable minds would give it very little credence. Finally, declaring the error harmless would not lead the prosecution to repeat the error.

Having first isolated the error and its effects as we have done above, we are next required to determine whether a rational trier of fact might have reached a different result if the error and its effects had not resulted. *Harris*, 790 S.W.2d at 588. Given the fact that appellant admitted that he knowingly possessed the weapon while confined in a penal institution, we are confident that any effect the improper jury argument might have had did not negatively impact the integrity of the process leading to the conviction. *Higginbotham*, at 734. We therefore conclude beyond a reasonable doubt that the error was harmless. Appellant's first point of error is overruled.

■ By his second point of error, appellant argues that the trial court erred in failing to include in its charge, appellant's requested instruction on the defense of necessity because the evidence was sufficient to support inclusion under Section 9.22 of the TEX.PENAL CODE (Vernon 1974).

Section 9.22 of the TEX.PENAL CODE provides:

Conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing the conduct and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

The trial court refused appellant's requested charge on necessity holding that, as a matter of law, necessity was not a proper defense in the instant case. We agree. The legislative purpose of section 46.11(a) is mutually exclusive with the defense of necessity. Clearly, the purpose of section 46.11(a) is to promote a weapon-free environment in penal institutions. To allow inmates to possess deadly weapons under any circumstances would pose a significant safety threat to inmates and prison personnel alike, and would seriously undermine the security of penal institutions. Thus, we conclude that the defense of necessity is not available for violations of Tex.Penal Code § 46.11(a). Appellant's second point of error is overruled.

■ Appellant's third and final point of error alleges that the trial court erred in failing to credit appellant's sentence with jail time which he accumulated while under a detainer filed by Anderson County officials. The record indicates that appellant was held by TDC under constructive detention from March 9, 1988 to August 10, 1988, pursuant to a capias issued by the District Clerk for Anderson County, Texas. The trial court's judgment fails to reflect any credit for time served in detention. Appellant is entitled to receive credit for the period of time he serves between the lodging of a detainer on behalf of Anderson County and sentencing, even if appellant was already residing with the Texas Department of Corrections when the detainer was lodged. *Ex parte Bynum,* 772 S.W.2d 113 (Tex.Cr.App.1989) (on reh'g). Appellant's third and final point of error is sustained.

The judgment of the trial court is reformed to reflect credit for time served while under the constructive detention of Anderson County from March 9, 1988 through August 10, 1988.

The judgment of the trial court, as reformed, is affirmed.