Sammy RIOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–97–00394–CR.

Court of Appeals of Texas, Tyler.

April 29, 1999.

Discretionary Review Refused Sept. 8, 1999.

Rehearing Overruled Sept. 24, 1999.

---

4. However, later in her deposition, Green conceded that she never actually saw Charles touch her.

John C. Bennett, Huntsville, for appellant.

Jeffrey Herrington, Palestine, for appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

PER CURIAM.

Appellant Sammy Rios appeals his conviction for the offense of Deadly Weapon in a Penal Institution. Appellant pleaded not guilty, but the jury found him guilty of the charged offense and assessed his punishment at twenty-five years' confinement in the Texas Department of Criminal Justice—Institutional Division ("TDCJ-ID"). On appeal, Appellant complains that he should have been allowed to present evidence of the necessity of his actions. We will affirm.

## FACTUAL BACKGROUND

At the guilt/innocence phase of trial, the State offered the testimony of two employees of TDCJ-ID to establish that Appellant had committed the charged offense. Frank Alewine ("Alewine") testified that, at the time of the offense, he was a sergeant in administrative segregation on the Coffield Unit of TDCJ-ID. On the morning of April 5, 1995, Appellant was an inmate in administrative segregation, and he had thrown an unknown liquid on a correctional officer. Alewine sought and received permission to move Appellant to a place where he could not throw substances on passersby. According to TDCJ-ID procedure, Alewine first took Appellant to the infirmary for a physical examination before placing him in a management status cell. During the examination, officers observed that Appellant had a homemade knife of approximately 11 inches, a shank, tied to his upper thigh. The State offered the shank into evidence at the trial. Major Wesley Pratt ("Pratt") testified next regarding the events of April 5. Pratt stated that he had been a lieutenant assigned to administrative segregation at the Coffield Unit at that time. He also observed the shank tied to Appellant's leg. Further, Pratt testified about the deadly character of the shank, and that such a weapon is more deadly than a large hunting knife. He also stated that prisoners in administrative segregation do not generally have the opportunity to come in physical contact with each other. Pratt admitted on cross-examination that he had heard of an occasion of one inmate stabbing another in administrative segregation at Coffield.

At the commencement of his case-in-chief, Appellant attempted to introduce evidence of his necessity for possessing a weapon in the Coffield Unit. The State objected to any evidence of necessity. The court sustained the objection, but allowed Appellant to introduce the evidence at the punishment stage. Appellant stated that in December of 1994, an officer escorted him back from the shower when another inmate reached out of his cell and stabbed Appellant. Appellant introduced the unit medical records which reflected that he was treated for the stabbing wounds. Appellant also testified that other inmates had threatened him and made attacks upon him, which he believed justified his possession of the weapon.

Appellant presents two issues on appeal, both asserting that the trial court erred in

sustaining the State's objection to evidence of the necessity of his possession of a deadly weapon in a penal institution.

### EXISTENCE OF NECESSITY DEFENSE[1]

 It is a defense to prosecution that otherwise criminal conduct is justified by necessity if: 1) the actor reasonably believes that the conduct is immediately necessary to avoid imminent harm; 2) the harm sought to be avoided is clearly greater than the harm sought to be prevented by the statute violated; and 3) a legislative purpose to exclude the justification claimed for the conduct does not plainly appear. TEX. PEN.CODE ANN. § 9.22 (Vernon 1994). Admission of evidence of a defense is premised upon the defendant meeting all of the elements of the defense. *Egger v. State,* 817 S.W.2d 183, 185 (Tex. App.—El Paso 1991, pet. ref'd); *Crabb v. State,* 754 S.W.2d 742, 744 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd), *cert. denied,* 493 .U.S. 815, 110 S.Ct. 65, 107 L.Ed.2d 32 (1989). Further, the trial court's decision to admit or exclude evidence of a defense is given due deference. *Cantrell v. State,* 731 S.W.2d 84, 90 (Tex. Cr.App.1987). An appellate court will not disturb the trial court's exclusion of evidence absent an abuse of discretion. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Cr.App.1990). We must therefore review Appellant's testimony regarding the elements to establish his necessity defense to determine if the trial court abused its discretion in excluding the evidence.

### 1. Reasonable Belief of Necessity to Avoid Imminent Harm

Appellant offered some evidence to establish his reasonable belief that he needed to protect himself from imminent harm.

He testified that he had refused to kill his cell mate, as ordered by certain prison gang members. Gang members had recently attacked Appellant, repeatedly threatened him, and that day had started a fire in his cell area. Officers were preparing to transfer Appellant to another cell under the same conditions in which he had previously been stabbed. Appellant offered adequate evidence on factor one.

### 2. Balancing of Harm to be Avoided and Harm Intended to be Prevented by Statute

Appellant failed to establish that the potential harm to himself clearly outweighed the harm intended to be prevented by statute. Through the testimony of a correctional officer, Appellant proved that at least one other inmate had been stabbed by a cell mate. He also proved by his own testimony and medical records that he also had been stabbed by another inmate. However, he failed to demonstrate how the threat of a single stabbing clearly outweighed the harm addressed by the Legislature. The statute prohibits possession of a deadly weapon by a person while confined in a penal institution. *See* TEX. PEN. CODE ANN. § 46.10 (Vernon 1994). The Legislature sought to protect all inmates and employees present in the institution. Appellant has not shown how his own safety, or indeed, the safety of any one individual, clearly outweighs the safety of numerous other inmates and employees in the Institutional Division of the Texas Department of Criminal Justice.

### 3. Legislative Purpose Regarding the Justification

The Court of Criminal Appeals has held that the necessity defense applies "to *all*

---

1. In *January v. State,* 811 S.W.2d 631 (Tex. App.—Tyler 1991, pet. ref'd) this court concluded that the defense of necessity was not available for violations of TEX. PEN.CODE ANN. § 46.11(a) (now § 46.10) which prohibits inmates from possessing a deadly weapon in a penal institution. There we said that "the legislative purpose of the statute is mutually exclusive with the defense of necessity. Clearly the purpose of 46.11(a) is to promote

a weapon-free environment in penal institutions. To allow inmates to possess deadly weapons under any circumstances would pose a significant safety threat to inmates and prison personnel alike, and would seriously undermine the security of penal institutions." However, because of the holding of the Court of Criminal Appeals in *Spakes v. State,* 913 S.W.2d 597, 598 (Tex.Cr.App.1996), we will address Appellant's issues.

**138**

offenses unless the Legislature has specifically excluded it from them." *Spakes v. State*, 913 S.W.2d 597, 598 (Tex.Cr.App. 1996). (Emphasis ours.) Section 9.22, which sets forth the parameters of the necessity defense, does not indicate that necessity is unavailable in the charged offense. TEX. PEN.CODE ANN. § 9.22 (Vernon 1994). Neither does the section establishing that offense make the defense inapplicable. TEX. PEN.CODE ANN. § 46.10 (Vernon 1994). Further, two intermediate courts of appeal have addressed this issue and held that the necessity defense applies to the offense of Deadly Weapon in a Penal Institution. *Gonzales v. State*, 972 S.W.2d 877, 879 (Tex.App.—Texarkana 1998, pet. granted); *Rivera v. State*, 948 S.W.2d 365, 370 (Tex.App.—Beaumont 1997, no pet.).

The trial court did not abuse its discretion in excluding evidence of the necessity defense. Appellant established his entitlement to the defense based on factors one and three. However, he did not present evidence of the second factor, that the harm sought to be avoided clearly outweighed the legislative intent in establishing the offense. Therefore, we overrule Appellant's first and second points of error.

The judgment is *affirmed*.