NUMBERS 13-98-490-CR AND 13-98-502-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


BONNIE JONES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 105th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez and Chavez


Opinion by Justice Yañez



 

 

 Bonnie Jones brings two appeals before this Court challenging his
conviction for driving while intoxicated(1) and his sentence following
revocation of his community supervision.(2) Because these two appeals
involve the same facts and are closely related, we will address them in
one opinion. In cause number 13-98-502-CR we affirm as modified, in
cause number 13-98-490-CR we affirm.

Background

 On October 15, 1997, Bonnie Jones pleaded guilty to the offense
of delivery of cocaine, a state jail felony. See Tex. Health & Safety Code
Ann. § 481.112 (b) (Vernon Supp. 2000). The trial court sentenced
Jones to two years in a state jail facility. Imposition of the sentence
was suspended and Jones was placed on three years community
supervision. On November 16, 1997, Jones was arrested for driving
while intoxicated.

 Jones was tried before a jury and found guilty of driving while
intoxicated ("DWI"), enhanced to a third degree felony because of two
prior DWI convictions. See Tex. Pen. Code Ann. §§ 49.04, 49.09 (Vernon
Supp. 2000). The trial court sentenced Jones to seven years
confinement in the Texas Department of Criminal Justice, Institutional
Division. The court further ordered that Jones receive credit for the time
he had spent in jail between the time of his arrest and the trial.

 After imposing sentence on the DWI charge, the trial court held a
hearing on the State's motion to revoke Jones's community
supervision. The court found that Jones had violated the terms of his
community supervision, ordered his community supervision revoked
and further ordered that Jones serve the original two year sentence. 
The court ordered that the time Jones spent in jail following his DWI
arrest not be credited towards this two year sentence. The court
further ordered that the two sentences be served concurrently. 

 Jones complains of error in both the trial for DWI and the
revocation of community supervision. We will discuss the revocation
and the trial separately.

The Revocation of Community Supervision

 In his sole issue presented in cause number 13-98-502-CR, Jones
argues the trial court erred in refusing to give him credit for time served
in jail pending his being served with capias on the motion to revoke. A
defendant is entitled to credit on "his sentence for the time that the
defendant has spent in jail in said cause . . . from the time of his arrest
and confinement until his sentence by the trial court." Tex. Code Crim.
Proc. Ann. art. 42.03, § 2 (Vernon Supp. 2000); Ex Parte Canada, 754
S.W.2d 660, 665 (Tex. Crim. App. 1988). This provision has been
applied to the revocation of community supervision. Guerra v. State,
518 S.W.2d 815, 817 (Tex. Crim. App. 1975). A defendant who is
arrested pending a motion to revoke community supervision is entitled
to have the pre-revocation confinement applied to his sentence upon
imposition of the sentence following revocation. Id.

 In the case now before this Court, Jones was served with the
capias on the motion to revoke on May 11, 1998, while he was
confined awaiting his trial for the DWI charge. From that point in time,
Jones was in jail on both his DWI charge as well as for his probation
revocation. This situation is analogous to cases in which a prisoner in
one jurisdiction has a detainer or hold filed against him by another
jurisdiction. See Ex parte Bynum, 772 S.W.2d 113 (Tex. Crim. App.
1989); January v. State, 811 S.W.2d 631 (Tex. App.--Tyler 1991, pet.
ref'd). 

 A person confined either physically or constructively by a
jurisdiction upon the lodging of a detainer against him by another
jurisdiction is entitled to credit for the time he spends incarcerated
under that detainer. Bynum, 772 S.W.2d at 114-15. It is not the fact
that the prisoner is already incarcerated "which determines whether
credit should be given; rather, it is the fact that another jurisdiction has
chosen to lodge a hold against the individual." Id. at 115. When a
detainer is lodged against a prisoner, the basis for the prisoner's
confinement is changed. Id. The filing of the detainer may have
adverse effects upon the prisoner, such as a curtailment of privileges. 
Id. Under such circumstances, "fairness dictates that the spirit of
[article] 42.03 be followed." Id.

 In the case now before the Court, Jones was already incarcerated
when he was served with the capias on the motion to revoke his
probation. At that point in time, the basis for his incarceration was
changed. The filing of the capias could have had an adverse effect on
Jones, such as preventing his release on bail. Jones is entitled to credit
for the time he spent in jail following his being served with capias on
the motion to revoke his probation. Jones's sole issue in cause number
13-98-502-CR is sustained. The judgment of the trial court is modified
to reflect credit for time served by Jones from May 11, 1998, through
August 25, 1998. The judgment of the trial court as MODIFIED is
AFFIRMED.

The Conviction for Driving While Intoxicated

 Jones presents two issues on appeal in cause number 13-98-490-CR, challenging his DWI conviction. In his first issue, Jones argues that
the trial court erred during the guilt-innocence phase of the trial by
admitting evidence of his criminal record. In his second issue, Jones
argues that his trial counsel was ineffective and he was thus deprived
of his Sixth Amendment right to counsel.

 At trial the State offered in evidence records of Jones's pleas of no
contest to a DWI charge in Travis County and a DWI charge in Nueces
County, as well as Jones's driving record, as produced by the Texas
Department of Public Safety, Driver Licensing and Control Service. 
Jones objected to the admission of the driving record and the Travis
County plea of no contest. Because Jones did not object at trial to the
admission of the records of his plea of no contest to the earlier DWI
charge in Nueces County, he has not preserved any complaint to this
evidence for appellate review. Tex. R. App. P. 33.1. 

 Jones also failed to preserve any objection to the admission of his
driving record. Although Jones stated to the trial court that he objected
to the admission of the driving record, he offered no basis for the
objection, instead arguing about the admissibility of the records of the
Travis County DWI plea. Jones stated to the trial court that he "would
object" to the driving record, but he failed to state any basis for the
objection. Unless the basis for an objection is manifestly self-evident
from the context, to preserve any error an objecting party must state,
with clarity, both the nature of, and the legal basis for, the objection. 
Taylor v. State, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996). The basis
for Jones's objection to the admission of his driving record is not
manifestly self-evident. It may have been possible, for example, that
Jones sought to object on the grounds that the State had failed to
properly authenticate the records, or that they were hearsay, or lacked
relevance. We find that Jones's statement, that he objected to the
evidence, without any explanation, was insufficient to state either the
nature of his objection, or the legal basis for the objection; therefore he
has failed to preserve error.

 Jones's objection to the admission of the Travis County records
was essentially a challenge to the validity of the plea. Jones argued to
the trial court that the plea lacked the waivers necessary when entering
a plea. Decisions on the admissibility of evidence are left to the
discretion of the trial court, and will not be disturbed absent a clear
abuse of discretion. Werner v. State, 711 S.W.2d 639, 644 (Tex. Crim.
App. 1986); Ramos v. State, 819 S.W.2d 939, 941 (Tex. App.--Corpus
Christi 1991, pet. ref'd). In the case now before the Court, we do not
find that the trial court abused its discretion by admitting in evidence
records of Jones's plea in the Travis County DWI case. Allegations by
Jones that his plea in the Travis County case was faulty or involuntary
are the types of allegations properly raised at the time the plea is made,
or on appeal, not several years later when the plea is being admitted as
evidence in a different case. The trial court was not in a position to
address these allegations, and was within its discretion to overrule the
objection. Jones's first issue on appeal in cause number 13-98-490-CR
is overruled.

 With his second issue, Jones argues that he suffered harm as a
result of having ineffective assistance of counsel at trial. To determine
if a trial counsel's representation was ineffective to the point that it
violated a defendant's Sixth Amendment right to counsel, we apply the
two-part test set out by the United States Supreme Court. Strickland
v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d
53, 55 (Tex. Crim. App. 1986). To establish ineffective assistance of
counsel, a defendant must show that (1) his counsel's performance fell
below an objective standard of reasonableness, and (2) the defendant
suffered harm as a result of his counsel's inadequate performance. 
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The
appellant must show a reasonable probability that, but for counsel's
unprofessional errors, the outcome of the trial would have been
different. Id.; Holland v. State, 761 S.W.2d 307, 314 (Tex. Crim. App.
1988). In this context, a reasonable probability is a probability sufficient
to undermine confidence in the outcome. Thompson, 9 S.W.3d at 812;
Hernandez, 726 S.W.2d at 55. The purpose of this inquiry is to
determine if the trial counsel's errors undermined the proper functioning
of the adversarial process to the point that the trial cannot be relied on
to have produced a reliable result. Thompson, 9 S.W.3d at 812. There
is a strong presumption that the trial counsel provided effective
assistance. Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App.
1991).

 Jones argues that he received ineffective assistance of counsel, on
the grounds that his counsel purportedly failed to object to the
admission of his driving record and the documents recording his plea
of no contest to the DWI charge in Travis County. Contrary to the
allegations in Jones's brief, the record shows that his trial counsel did
object to the admission of the Travis County records, and was
overruled. As discussed above, we find no error in this evidence being
admitted. However, we do find that the admission of the driving record
was objectionable, and his counsel could have objected to its admission
in evidence. 

 Generally, evidence of prior criminal convictions is not admissible
at the guilt-innocence stage of trial. Thompson v. State, 612 S.W.2d
925, 928 (Tex. Crim. App. 1981). This restriction is based on the
recognition that such evidence is prejudicial and can confuse the issues
in the case. Albrecht v. State, 486 S.W.2d 97, 100 (Tex. Crim. App.
1972). There are exceptions to this rule; however, we do not find any
of them applicable to Jones's trial. See Tex. R. Evid. 404(b); Albrecht,
486 S.W.2d at 100-01. This evidence should not have been admitted. 
Jones's trial counsel erred in not adequately objecting to this evidence.

 Although Jones's trial counsel had a reason to object to this
evidence, his failure to do so with sufficient clarity does not qualify as
an error so egregious as to cause us to hold that the trial counsel's
performance fell below an objective standard of reasonableness. A
defendant's right to counsel is not a right to errorless representation,
judged with the perfect vision of hindsight. Holland, 761 S.W.2d at
320. Appellate courts must be "hesitant to declare counsel ineffective
based upon a single alleged miscalculation during what amounts to
otherwise satisfactory representation." Thompson, 9 S.W.3d at 814. 
Our review must be highly deferential to trial counsel. Id. at 813;
Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). The
conduct of the defendant's counsel is viewed in the light of all the
circumstances to determine if his acts or omissions were outside the
wide range of professionally competent assistance. Holland, 361
S.W.2d at 314.

 In the instant case, Jones's trial counsel aggressively and
effectively cross- examined the officers who arrested Jones. Jones's
counsel questioned the officers about the validity of their field sobriety
tests. He also brought forth a witness to challenge the State's
allegations that Jones was intoxicated at the time of his arrest. In
reviewing the conduct of Jones's counsel, we find that he provided
Jones with satisfactory representation.

 Despite the efforts of Jones's attorney, the State presented a
strong case against Jones, including testimony by the officers that
Jones had been swerving before being stopped and failed to perform
well on the field sobriety tests. The State also introduced the videotape
of Jones performing the field sobriety tests. The jury requested to view
this tape during deliberations. Viewed in the light of all the
circumstances, Jones's counsel performed within the range of
professionally competent representation. Furthermore, Jones has failed
to show a reasonable probability that, but for the erroneous admission
of his driving record, the result of his trial would have been different. 
Issue number two in cause number 13-98-490-CR is overruled and the
judgment of the trial court is affirmed.

 We modify the judgment of the trial court in cause number 13-98-502-CR to credit Jones with time served from May 11, 1998 through
August 25, 1998, and AFFIRM as MODIFIED. We AFFIRM the
judgment of the trial court in cause number 13-98-490-CR.


 

 LINDA REYNA YAÑEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 16th day of November, 2000.


1. Cause number 13-98-490-CR.
2. Cause number 13-98-502-CR.