Affirmed and Memorandum Opinion filed September 8, 2005









Affirmed and Memorandum Opinion filed September 8,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00245-CR

____________

 

ALBERT MORENO,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd District
Court

Brazoria County,
Texas

Trial Court Cause No.
45,638

 



 

M E M O R A N D U M   O P I N I O N

After a jury verdict finding appellant guilty of the offense
of deadly weapon in a penal institution, the trial court sentenced appellant to
confinement for 35 years in the Institutional Division of the Texas Department
of Criminal Justice.  Appellant filed a
timely notice of appeal.

Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).








A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  Appellant
filed a pro se response, raising four issues.

Appellant first claims the indictment is void because it
failed to charge the offense for which he was convicted.  The indictment alleged that appellant
possessed and concealed a deadly weapon, specifically Aa sharp piece of metal.@ 
Appellant asserts that at trial, the evidence showed appellant possessed
a shank or prison knife, which he claims is broader and more general that a Asharp piece of metal.@ 
Thus, appellant appears to contend that the jury heard evidence of, and
he was convicted of, a crime not alleged in the indictment.  

The offense of deadly weapon in a penal institution requires
proof that a person, while  confined in a
penal institution, intentionally, knowingly, or recklessly carries a deadly
weapon or possesses or conceals a deadly weapon.  Tex.
Pen. Code Ann. ' 46.10(a) (Vernon 2003). 
The indictment in this case charged appellant as follows:  

The GRAND JURY, for the County of Brazoria, State of
Texas....upon their oaths present in and to said court that ALBERT MORENO,
hereinafter styled Defendant, on or about the 14TH day of OCTOBER, 2002, and
before the presentment of this indictment, in the County and State aforesaid,
did then and there while confined in a penal institution, to wit:  DARRINGTON UNIT of the Texas Department of
Criminal Justice - Institutional Division, did then and there intentionally and
knowingly and recklessly possess and conceal a deadly weapon, to-wit: A SHARP
PIECE OF METAL.

 

Thus, the indictment alleged all the elements of the
offense.  A review of the testimony
presented at trial reveals that a prison guard conducted a search of appellant=s cell (called a Ashakedown@) and found a piece of metal,
approximately 7 inches long, with tape on one end, and a sharpened tip on the
other end.  More than one witness
testified that a sharpened piece of metal, such as that involved in this case,
is called a shank.  Therefore, we find
that the indictment clearly notified appellant of the offense with which he was
charged.  We overrule this issue.








In his second issue, appellant claims the State suppressed
his attempt to offer exculpatory documents showing that possession of the
weapon was necessary.  Appellant
submitted a proposed charge, which included an instruction on the law of
necessity.  The judge denied this
request.  

The defense of necessity is unavailable to a defendant, even
if he establishes a reasonable belief that there was a need for a homemade
knife, where the defendant fails to show that his own safety clearly outweighed
the safety of numerous other inmates and employees sought to be protected by
the statute prohibiting deadly weapons in penal institutions.  Rios v. State, 1 S.W.3d 135, 137 (Tex.
App.BTyler 1999, pet. ref=d). 
Appellant testified that he needed the weapon to protect himself from
prison gangs.  Thus, appellant presented
evidence that the weapon was for his safety, but the record does not contain
evidence proving that appellant=s safety clearly outweighed the safety of inmates and
employees.  Thus, we overrule issue two.

Appellant next asserts that there was legally insufficient
evidence of a deadly weapon.  A deadly
weapon is defined as follows:

(A) a firearm or anything manifestly designed, made,
or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended
use is capable of causing death or serious bodily injury.

 

Tex. Pen. Code Ann. ' 1.07(a)(17) (Vernon Supp.
2004-05).   

There was testimony from a correctional officer, Officer
Moses, who found the item, that it was a piece of metal, about 7 inches long,
sharpened to the end, with tape around one end, exposing 3-4 inches of blade.  Officer Moses stated that the term in prison
for an object like this is a shank.  The
piece of metal was admitted into evidence and a photo of that item is included
in the record.  The piece of metal looks
like a knife, sharpened on both sides to a point, with tape wrapped around one
end as a handle.








A former employee at the same correctional facility testified
that he has seen items like this shank and that the purpose of these objects is
to kill.  This employee stated that he
has seen killings at the facility involving shanks.  Another witness, Gerald Larson, testified
that he is retired from the Office of the Inspector General (previously called
the Internal Affairs Division), but has worked in law enforcement since the
1960s.  While with the Inspector General,
Larson investigated felony charges that arose at several different correctional
units.  Larson testified that the shank
in this case was very well-made, and that, in his experience, it is a weapon
capable of causing serious bodily injury and death.  Thus, the evidence admitted at trial was
sufficient to support a finding that the sharpened piece of metal in this case
constituted a deadly weapon.

Lastly, appellant raises ineffective-assistance claims
against both his trial and appellate counsel. 
As to trial counsel, appellant contends counsel was ineffective because
he did not file a pretrial motion to suppress. 
In Strickland v. Washington, 466 U.S. 668 (1984), the United
States Supreme Court established a two-prong test to determine whether counsel
is ineffective at the guilt/innocence phase of a trial. First, appellant must
demonstrate that counsel's performance was deficient and not reasonably
effective.  Id. at 687.  Second, appellant must demonstrate that the
deficient performance prejudiced the defense. Id. 

Judicial scrutiny of counsel's performance must be highly
deferential. A court must indulge a strong presumption that counsel's conduct
falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689.  An ineffectiveness claim cannot be
demonstrated by isolating one portion of counsel's representation.  McFarland v. State, 845 S.W.2d 824,
843 (Tex. Crim. App.1993).[1]  Therefore, in determining whether the Strickland
test has been met, counsel's performance must be judged on the totality of the
representation. Strickland, 466 U.S. at 670.  








In any case analyzing the effective assistance of counsel, we
begin with the presumption that counsel was effective.  Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim.App. 1994)(en banc).  We
assume counsel's actions and decisions were reasonably professional and that
they were motivated by sound trial strategy. 
Id.  Moreover, it is the
appellant's burden to rebut this presumption via evidence illustrating why
trial counsel did what he did.  Id.


Appellant asserts that trial counsel was ineffective because
he did not file a motion to suppress the shank, which appellant contends is not
a deadly weapon.  The record shows,
however, that the shank was found during a routine cell Ashakedown,@ a legal search for contraband and
weapons at the correctional facility.  See
Soria v. State, 933 S.W.2d 46, 60 (Tex. Crim. App.1996)(noting that,
because a prisoner has no Fourth Amendment expectation of privacy in his cell,
a shakedown search of a cell does not violate the Fourth Amendment or due
process).  Because the Ashakedown" search of appellant's
cell was reasonable, there was no basis on which to file a motion to suppress
the shank found during this search. 
Thus, appellant has not met his burden to show that trial counsel=s actions fell below a reasonable
professional standard.

Appellant also claims his appellate counsel provided
ineffective assistance by filing an Anders brief.  We disagree. 
We have carefully reviewed the record, counsel=s brief, and appellant=s pro se response, and we agree the
appeal is wholly frivolous and without merit. 
Further, we find no reversible error in the record.  Thus, we find no merit to appellant=s claim of ineffective assistance.

Accordingly, the judgment of the trial court is affirmed.

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed September 8, 2005.

Panel consists of Justices Hudson,
Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]  McFarland
was overruled on other grounds in Bingham v. State, 915 S.W.2d 9 (Tex.
Crim. App. 1994).