# NO. 12-13-00126-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHESTER ALAN STAPLES,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Chester Alan Staples appeals his convictions for murder and unlawful possession of a firearm, for which he was assessed sentences of imprisonment for fifty-five years and fifty years, respectively. Appellant raises one issue challenging the trial court's refusal to submit a jury instruction on the defense of necessity. We affirm.

### BACKGROUND

Appellant was charged by indictment with murder and unlawful possession of a firearm and pleaded "not guilty." The matter proceeded to a jury trial.

The evidence at trial showed that on May 25, 2010, Appellant went to the home of the victim, Tracey Polley, to retrieve a lawn mower that he had sold Polley and for which he had received only partial payment. The two had previously argued about the mower over the phone, and Polley told Appellant that he would shoot him if he came to get it. Appellant, a convicted felon, obtained a handgun before going to the residence.

As Appellant was preparing to load the mower, Polley came out of the house with a loaded handgun. After a brief argument outside the residence, the two men opened fire on each other. Appellant was shot through the hand and in the eye. Polley was shot five times and died before paramedics arrived. The evidence is conflicting as to who fired first.

The trial court's jury charge included an instruction on self-defense. Appellant requested an additional instruction on the defense of necessity, but the trial court denied his request. Ultimately, the jury found Appellant "guilty" of murder and unlawful possession of a firearm. The jury assessed his punishment at imprisonment for fifty-five years and fifty years, respectively. This appeal followed.

**NECESSITY DEFENSE**

In his sole issue, Appellant argues that the trial court erred in refusing to submit a jury instruction on the defense of necessity. The State disagrees, contending that Appellant is not entitled to an instruction on the defense because the harm was not imminent when he armed himself with the firearm, and because he placed himself in a dangerous situation.

**Standard of Review**

"A defendant is entitled to an instruction on every defensive issue raised by the evidence, regardless of whether the evidence is strong, feeble, unimpeached, or contradicted, and even when the trial court thinks that the testimony is not worthy of belief." *Walters v. State*, 247 S.W.3d 204, 209 (Tex. Crim. App. 2007). "This rule is designed to insure that the jury, not the judge, will decide the relative credibility of the evidence." *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). To raise a defensive issue, the evidence must raise each element of the defense. *Stefanoff v. State*, 78 S.W.3d 496, 499 (Tex. App.–Austin 2002, pet. ref'd). "If evidence is such that a rational juror could accept it as sufficient to prove a defensive element, then it is said to 'raise' that element." *Id.*

"When evidence from any source raises a defensive issue, and the defendant properly requests a jury charge on that issue, the trial court must submit the issue to the jury." *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993). "Thus, if the issue is raised by any party, refusal to submit the requested instruction is an abuse of discretion." *Darty v. State*, 994 S.W.2d 215, 218 (Tex. App.–San Antonio 1999, pet. ref'd). When reviewing a trial court's refusal to submit a defensive instruction, we view the evidence in the light most favorable to the requested instruction. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).

**Applicable Law**

The Texas Penal Code provides that

> [c]onduct is justified if:
> (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;
> (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and
> (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

TEX. PENAL CODE ANN. § 9.22 (West 2011). "The requirements of subsections 9.22(1) and (2) must be satisfied by evidence, while subsection (3) presents a question of law." *Pennington v. State*, 54 S.W.3d 852, 857 (Tex. App.–Fort Worth 2001, pet. ref'd). Additionally, "a defendant must admit to the conduct—the act and the culpable mental state—of the charged offense to be entitled to a necessity instruction." *Juarez v. State*, 308 S.W.3d 398, 399 (Tex. Crim. App. 2010).

**Reasonable Belief of Immediate Necessity to Avoid Imminent Harm**

A "reasonable belief" is one "that would be held by an ordinary and prudent man in the same circumstances as the actor." TEX. PENAL CODE ANN. § 1.07(a)(42) (West Supp. 2013). "'Imminent' means something that is impending, not pending; something that is on the point of happening, not about to happen." *Pennington*, 54 S.W.3d at 857. "Harm is imminent when there is an emergency situation and it is 'immediately necessary' to avoid that harm." *Id.* "In other words, a split-second decision is required without time to consider the law." *Id.*

"Evidence of a generalized fear of harm is not sufficient to raise the issue of imminent harm." *Brazelton v. State*, 947 S.W.2d 644, 648 (Tex. App.–Fort Worth 1997, no pet.). If undisputed facts indicate a complete absence of immediate necessity or imminent harm, then a defendant's belief that his conduct is immediately necessary to avoid imminent harm is unreasonable as a matter of law. *Dewalt v. State*, 307 S.W.3d 437, 454 (Tex. App.–Austin 2010, pet. ref'd).

The evidence shows that Polley threatened to shoot Appellant if he came for the lawn mower. Appellant then obtained a gun and took it to Polley's house. Based on Polley's threat, Appellant may have reasonably had a generalized fear of future harm, but the undisputed facts show a complete absence of immediate necessity and imminent harm at the time he obtained the gun and took it to Polley's house. Therefore, any belief of Appellant that these actions were immediately necessary to avoid imminent harm was unreasonable as a matter of law. *See Miller v. State*, No. 02-11-00155-CR, 2013 WL 362792, at *8 (Tex. App.–Fort Worth Jan. 31, 2013,

3

pet. ref'd) (mem. op., not designated for publication) (no imminent harm where appellant carried firearm into bar because he feared bouncer had been involved in robbery of his girlfriend), *cert. denied*, 134 S. Ct. 640, 187 L. Ed. 2d 420 (2013). Thus, the evidence does not raise the first element of the necessity defense in regard to the offense of unlawful possession of a firearm by a felon.

The evidence further shows that when Appellant arrived at Polley's house, he backed a trailer up to the lawn mower he had sold Polley. Polley then came out and got close enough to Appellant to strike him with either his fist or his gun. Then, according to Appellant, his father, and his girlfriend, Polley shot Appellant in the face, and Appellant returned fire. According to Polley's housemate, on the other hand, Polley only hit Appellant and knocked him to the ground before Appellant started shooting.

While some of the evidence is conflicting, we conclude that a rational juror could accept the evidence as sufficient to prove that Appellant reasonably believed shooting Polley was immediately necessary to avoid the imminent harm of being shot again. Therefore, the evidence raises the first element of the necessity defense in regard to the offense of murder.

## Balancing of Harm to be Avoided and Harm Intended to be Prevented by Statute

To raise the second element of the necessity defense, evidence in the record must show that "the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct." TEX. PENAL CODE ANN. § 9.22(2). In other words, there must be evidence that the harm the defendant sought to avoid was greater than the harm caused by his conduct. *See Mays v. State*, 318 S.W.3d 368, 385 (Tex. Crim. App. 2010). The obvious intent of section 9.22(2) is "to facilitate the desired balancing of harms on a case-by-case basis." *Williams v. State*, 630 S.W.2d 640, 643 n.2 (Tex. Crim. App. 1982). "Ordinary standards of reasonableness" may be defined as the standards that an ordinary and prudent person would apply to the circumstances that the actor faced." *Id.* at 643.

When the evidence at trial raises the first element of the necessity defense, but fails to raise the second, the trial court does not err in denying a defendant's claim to the defense. *See Rios v. State*, 1 S.W.3d 135 (Tex. App.–Tyler 1999, pet. ref'd); *Shugart v. State*, 32 S.W.3d 355, 364 (Tex. App.–Waco 2000, pet. ref'd). In *Rios*, the appellant testified that he possessed a deadly weapon in prison because he had been attacked and threatened repeatedly and needed

4

immediate protection from further imminent attack. *Rios*, 1 S.W.3d at 136-37. We concluded that the evidence was adequate to establish the first element of the necessity defense. *Id.* at 137. However, regarding the second element, we noted that by banning deadly weapons in prison, the legislature intended to protect all inmates and prison employees, and that appellant did not show how his safety clearly outweighed that of the other inmates and employees. *Id.* Accordingly, we held that the trial court did not abuse its discretion by excluding evidence of the necessity defense. *Id.* at 137-38.

As in *Rios*, the evidence in this case raises the first element of the necessity defense in regard to the offense of murder, but it fails to raise the second. The second element required a showing that the harm Appellant avoided by his conduct—his own death—clearly outweighed the harm the legislature sought to prevent by enacting the murder statute—in this case, Polley's death.

In the light most favorable to Appellant, the evidence shows that Appellant, a convicted felon, sold a lawn mower to Polley, a landscaper and crack cocaine dealer. The mower had recently been stolen from a local prison ministry where the estranged wife of one of Appellant's friends worked. When the friend's wife discovered that the mower was missing, she asked her husband where it was. In response, he said something like, "that Chet," which led her to believe that Appellant was involved in the theft. She then confronted Appellant about the missing mower, but Appellant denied any involvement.

At the time, Polley had not fully paid Appellant for the mower, and Appellant decided to get the mower back. The two men argued over the phone, and Polley threatened to shoot Appellant if he tried to retrieve the mower. Appellant obtained a handgun, went to Polley's home with a truck and trailer, and backed the trailer up to the lawn mower. Polley came out of the house with a gun and approached Appellant. The two men argued briefly, and then Polley hit Appellant in the face and shot him in the hand and eye. To protect himself from being shot again, Appellant fired back, shooting Polley five times and killing him.

We have carefully reviewed the record for any evidence that would support a rational juror's conclusion that the harm Appellant avoided clearly outweighed the harm he inflicted. Appellant suggests no reason on appeal why his own death would have been a greater harm than Polley's, and we find no evidence in the record to support such a conclusion. Therefore, we

conclude that the evidence does not raise the second element required to raise the defensive issue of necessity in regard to the offense of murder.

Because we have concluded under the first and second elements that Appellant is not entitled to an instruction on the necessity defense, we need not consider the third element, whether a legislative purpose to exclude the defense exists. *See* TEX. R. APP. P. 47.1.

## Conclusion

The trial court did not abuse its discretion in refusing to submit a jury instruction on the necessity defense. Regarding the offense of unlawful possession of a firearm, there is no evidence raising the first element of the defense because there was no imminent harm to be avoided when Appellant armed himself with the gun. Regarding the offense of murder, there is no evidence raising the second element of the defense, that the harm sought to be avoided clearly outweighed the legislative intent in establishing the offense. Therefore, we overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered September 17, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 17, 2014

### NO. 12-13-00126-CR

**CHESTER ALAN STAPLES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 30979)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*