**Antonio GONZALES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 06–97–00121–CR.**

Court of Appeals of Texas, Texarkana.

Submitted June 29, 1998.

Decided June 30, 1998.

Sandra Kay Foreman, Staff Atty., State Counsel for Offenders, Huntsville, for appellant.

Rodney D. Conerly, Asst. Crim. Dist. Atty., Beaumont, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

In a single indictment, Antonio Gonzales was charged with two offenses: aggravated assault and possession of a deadly weapon in a penal institution. The indictment also alleged four prior felony convictions for enhancement of punishment. A jury found him guilty of each offense and the court, after finding three of the four enhancement paragraphs to be true, assessed punishment at forty years' imprisonment. Gonzales appeals, contending that the court erred by refusing to permit him to voir dire the jury panel on the defense of necessity, by excluding evidence relevant to establishing that offense, and by commenting on defense counsel's representation.

The evidence shows that Gonzales and Kenneth Martin were inmates in the Texas Department of Criminal Justice and that Gonzales attacked Martin with a razor when Martin was moved into Gonzales' cell. At voir dire, the phase of the trial critical to our disposition of this case, Gonzales' counsel presented to the jury panel that the attack on Martin was motivated by his client's desire to protect himself from Martin's known violent and sexually aggressive tendencies. One of Gonzales' complaints in this appeal is that the court erred by refusing to permit him to voir dire the jury on the defense of necessity.

■ A defendant's constitutional right to counsel requires that counsel be permitted to question the members of the jury panel in order to intelligently exercise peremptory

challenges. *Smith v. State*, 703 S.W.2d 641, 643 (Tex.Crim.App.1985); *Brumley v. State*, 804 S.W.2d 659, 662 (Tex.App.-Amarillo 1991, no pet.). The conduct of voir dire rests within the discretion of the trial court, and only the abuse of such discretion requires reversal on appeal. *Clark v. State*, 608 S.W.2d 667, 669 (Tex.Crim.App. [Panel Op.] 1980).

■ An appellant may show that the trial court abused its discretion in limiting questioning if the appellant is denied a request to ask a proper question. The appellant is thus harmed when he is deprived of voir dire sufficient to allow him to decide intelligently those jurors he may wish to strike. *Sullivan v. State*, 678 S.W.2d 162, 166 (Tex.App.-Houston [1st Dist.] 1984, pet. ref'd).

■ The propriety of the question asked is determinative of the issue, and a question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Nunfio v. State*, 808 S.W.2d 482, 484 (Tex. Crim.App.1991); *Beaver v. State*, 736 S.W.2d 212, 214 (Tex.App.-Corpus Christi 1987, no pet.). Error in the denial of a proper question which prevents the intelligent exercise of counsel's peremptory challenges is an abuse of discretion and is not subject to a harm analysis. *Nunfio*, 808 S.W.2d at 485.

■ However, a trial court is given broad discretionary authority to impose reasonable restrictions on the voir dire process. This is particularly so regarding the restriction of confusing or misleading questions. *Howard v. State*, 941 S.W.2d 102, 108 (Tex. Crim.App.1996). The court may restrict voir dire where the questions are duplicitous or repetitious or where the venire member has already stated his or her position clearly and unequivocally; further, the court may restrict questions that are not in proper form. *Dinkins v. State*, 894 S.W.2d 330, 345 (Tex. Crim.App.1995); *Cena v. State*, 960 S.W.2d 804, 807 (Tex.App.-El Paso 1997, no pet.).

■ In the present case, counsel questioned the panel extensively on the theory of self-defense and the use of deadly weapons. He then stated unequivocally during voir dire that he wanted to question the panel about the defensive theory of necessity.[1] The trial court refused his request on two separate occasions. The issue before this Court is whether the question was proper. As presented, the issue involved Gonzales' attack on the victim. The theory of justification codified as necessity was potentially a theory that might have been raised in this case. Thus, the request must be defined as a proper question. The trial court erred by refusing the request.

It is important to note that Gonzales was not on trial solely for the offense of possession of a deadly weapon in a penal institution. He was also being tried for attacking the inmate. Therefore, the defendant would have been entitled to an affirmative instruction on necessity as well as on self-defense if raised by the evidence, whether that evidence was strong, feeble, unimpeached or contradicted, and even if the trial court believed that the testimony was unbelievable. *Thomas v. State*, 678 S.W.2d 82, 84 (Tex. Crim.App.1984). At the time that the trial court disallowed the question, the court could not have known whether necessity would be raised by the evidence.

■ The State contends that Gonzales was not entitled to such an instruction as a matter of law because necessity is not an available defense when the defendant is charged with possession of a deadly weapon in a penal institution. This is the position taken by the Tyler Court of Appeals in *January v. State*, 811 S.W.2d 631, 634 (Tex.App.-Tyler 1991, pet. ref'd). However, in a well-reasoned discussion, the Beaumont Court of Appeals refused to adopt this position, essentially because such an inflexible rule would be applied at the expense of those most vulnerable, i.e., an unarmed inmate facing "imminent harm" from an armed aggressor. *Rivera v. State*, 948 S.W.2d 365, 370 (Tex.App.-Beaumont 1997, no pet.) (applying the reasoning set out in an analogous situation in *Johnson v. State*, 650 S.W.2d 414 (Tex.Crim.App.1983)). We agree with the Beaumont court's opinion and, for the reasons stated there, we decline to

---

1. *See* Tex. Penal Code Ann. § 9.22 (Vernon 1994).

hold that in this context the defense of necessity is unavailable as a matter of law.

■ The State argues that no harm can be shown because the issue of necessity was not raised by the evidence at trial. This argument was disposed of in *Nunfio* and the cases following. The questioning of the panel is the basis for the selection of the jury. If proper questions are disallowed, this infects the entire proceeding thereafter. It is impossible to predict how such an error will impact the way in which defense counsel will conduct the trial or the defenses which may be used or abandoned because of counsel's lack of knowledge about the panel.[2] Thus, as set out in *Nunfio*, the error requires reversal without further review.

This point of error is sustained and, based on our disposition of this point, we find it unnecessary to address Gonzales' remaining points.

The judgment is reversed and the cause remanded for a new trial.

2. In discussing the semantic difficulties created by cases that attempt to apply this type of standard, the Texas Court of Criminal Appeals has held that a harmless error analysis should be applied to all errors and that entire categories of error should not be automatically reversed. The court then stated that where the error involved defies analysis by harmless error standards or the data is insufficient to conduct a meaningful harmless error analysis, then the error will not be proven harmless beyond a reasonable doubt. *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim. App.1997). In *Nunfio*, the court held that denial of a proper voir dire question is the type of error that defies analysis. Thus, whether we use the simple rule of automatic reversal as set out in *Nunfio*, or engage in the academic exercise of deciding that the error cannot be proven harmless, as suggested by *Cain*, we must reverse the conviction and remand the case for a new trial.