**Antonio GONZALES, Appellant,**

v.

**The STATE of Texas.**

**No. 1411–98.**

Court of Criminal Appeals of Texas.

June 9, 1999.

Sandra K. Foreman, Huntsville, for appellant.

Matthew Paul, State's Atty., Austin, for State.

## *OPINION*

MANSFIELD, J., delivered the opinion of the Court, in which McCORMICK, P.J., and KELLER, HOLLAND, WOMACK, and KEASLER, J.J., joined.

This case presents the following question: Is a trial court's erroneous exclusion of a proper question during jury voir dire subject to a harmless error analysis?

### *The Relevant Facts*

A Jefferson County grand jury indicted appellant on two counts: aggravated assault and possession of a deadly weapon in a penal institution. See Tex. Pen.Code §§ 22.02, 46.10. These charges related back to an incident in which appellant, an inmate in the Texas Department of Criminal Justice–Institutional Division, attacked a cell-mate with the blade of a disposable razor.

Trial on these charges began April 14, 1997. Two particular episodes during trial are relevant to disposition of this cause. The first occurred during jury voir dire as defense counsel attempted to query the prospective members of the jury on the specific defense of necessity. The trial court refused to allow this particular line of questioning, permitting only general questions on the broader issue of self-defense. Counsel properly objected.

At the guilt/innocence stage of trial, during cross examination of Kenneth Martin, the victim in this case, defense counsel addressed the fact that Martin was incarcerated for murder and attempted to delve into the details of this homicide. The trial court sustained the State's objection that, while this prior misconduct was relevant, it was impermissible to let the jury know of the "circumstances" behind the prior misconduct. Appellant's counsel protested the exclusion of this evidence, claiming it was necessary to establish the elements of

the defense of necessity. A bill of exceptions and offer of proof were tendered to perfect the issue for appeal. The jury ultimately found appellant guilty on both counts, and the trial court sentenced him to forty years imprisonment.

On appeal, appellant presented three issues for consideration: (1) Did the trial court err in refusing to allow him the opportunity to voir dire the jury panel on the defense of necessity? (2) Did the trial court err in excluding evidence allegedly relevant to establish the necessity defense? and (3) Did the trial court commit reversible error when it improperly commented on defense counsel's representation in the presence of the jury? [1]

The Sixth Court of Appeals found it necessary to address only the first issue, whether the trial court abused its discretion by restricting the scope of voir dire. *Gonzales v. State*, 972 S.W.2d 877 (Tex. App.—Texarkana 1998). After concluding an abuse of discretion did occur, the court of appeals relied on this Court's decision in *Nunfio v. State*, 808 S.W.2d 482 (Tex.Crim. App.1991), to hold that this variety of error was incapable of undergoing any harm analysis.[2] *Gonzales v. State*, 972 S.W.2d at 880. The court of appeals reversed appellant's conviction and remanded the case for a new trial.

*Analysis*

■ This Court granted the State's petition for discretionary review to address whether a trial judge's impermissible exclusion of a proper question during jury voir dire is subject to a harmless error analysis.[3]

■ Resolution of this point can no longer be determined by resorting to *Nunfio*, but, instead, by reviewing this Court's more recent decision in *Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997). In *Cain*, we issued a broad mandate that overruled several prior cases and held that, "except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error ... is categorically immune [from] a harmless error analysis." This Court has held that the right to pose proper questions during voir dire examination is included within the right to counsel under Article I, § 10, of the Texas Constitution. *Howard v. State*, 941 S.W.2d 102, 108 (Tex.Crim.App.1996). However, the United States Supreme Court has never held that erroneously restricting proper questions upon jury voir dire is structural error of a federal constitutional nature.[4] Therefore, although the trial court did err, the appellate court was obligated to conduct a thorough analysis to determine the extent of harm caused by this error before reversing the conviction. We recognize

1. This third issue is immaterial for purposes of this appeal.

2. In *Nunfio*, this Court specifically held that "error in the denial of a proper question that prevents the intelligent exercise of one's peremptory challenges constitutes an abuse of discretion and is not subject to a harm analysis...." *Nunfio v.* State, 808 S.W.2d at 485.

3. The State does not challenge the court of appeals' decision that the trial court did abuse its discretion.

4. "Structural" error, as explained in *Arizona v. Fulminante*, is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991). The United States Supreme Court

has found structural errors only in a very limited class of cases. *Johnson v. U.S.*, 520 U.S. 461, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997). See *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (a total deprivation of the right to counsel); *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (lack of an impartial trial judge); *Vasquez v. Hillery*, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986) (unlawful exclusion of grand jurors of defendant's race); *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (the right to self-representation at trial); *Waller v. Georgia*, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984) (the right to a public trial); *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (erroneous reasonable-doubt instruction to jury).

that certain types of error may defy proper analysis or the data may be insufficient to conduct a meaningful harm analysis. In fact, some errors may never be harmless or will rarely be harmless. *Cain v. State*, 947 S.W.2d at 264. However, "appellate courts should not automatically foreclose the application of the harmless error test to certain categories of error." *Ibid.* To the extent past cases contradict this decision, they are overruled. See *Nunfio v. State*, 808 S.W.2d at 485 (and cases cited therein).

In conclusion, we vacate the judgment of the court of appeals and remand the cause for a proper determination as to whether this error was harmful and, therefore, sufficient cause for reversal of appellant's conviction. See Tex.R.App. Pro. 44.2. In order to conduct a proper harm analysis, the court of appeals shall address the second point of error from appellant's original appeal, that is, whether the trial court erroneously excluded the proffered evidence which appellant averred established the elements of the defense of necessity. We believe resolution of this issue is a relevant factor in determining whether the error here was harmful.

MEYERS, J., concurs with an opinion.

PRICE, J., dissents with an opinion, in which JOHNSON, J., joined.

MEYERS, J., delivered this concurring opinion.

Since promulgation of the new harmless error rule, TEX.R.APP. PROC. 44.2, we have issued just one opinion analyzing voir dire error thereunder. *Jones v. State*, 982 S.W.2d 386 (Tex.Crim.App.1998). That case involved the erroneous removal of a prospective juror for cause. Assessing harm and concluding the defendant's "substantial rights" were not violated, the Court reasoned:

[A] defendant has no right that any particular individual serve on the jury. The defendant's only substantial right is that the jurors who do serve be quali-

fied. The defendant's rights go to those who serve, not to those who are excluded.

*Id.* at 393. The instant case involves the denial of a proper question. The determinative question for the Court of Appeals on remand is whether the "substantial right" at issue in *Jones* (essentially, the defendant's right to a fair and impartial jury) is different from the "substantial right" at issue in the context here. With these comments, I concur in the judgment of the Court.

PRICE, J., delivered a dissenting opinion in which JOHNSON, J. joined.

I respectfully dissent. It is fruitless to remand this cause to the court of appeals for a harmless error analysis because no meaningful finding of harm can be explained, quantified, or proved regarding a wrongfully prohibited *voir dire* question.

The majority contends that "[w]e recognize that certain types of error may defy proper analysis or the data may be insufficient to conduct a meaningful harm analysis" and "some errors may never be harmless or will rarely be harmless." This logic seems similar to the reasoning in *Nunfio:* when a trial court improperly circumscribed a defendant's *voir dire, harm is presumed* because the defendant is denied the chance to properly and intelligently use his peremptory strikes. *See Nunfio,* 808 S.W.2d at 485. But the majority opinion overrules *Nunfio,* and the opposite result will now undoubtedly occur. *Ante, at* 171. I disagree with the hypothesis that the *lack of ability to prove harm* equals the *lack of harm* itself, but this seems to be the driving force in each of this Court's *Cain* analyses.

For the foregoing reasons, I respectfully dissent.