NO. 07-00-0013-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 30, 2003

_____

VERNELL COX, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY CRIMINAL COURT NO. 9 OF DALLAS COUNTY;

NO. MB 9861715-K; HONORABLE BERLIND BRASHEAR, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION

Appellant Vernell Cox appeals from his conviction by a jury for driving while intoxicated. We affirm.

BACKGROUND

On July 27, 1998, Dallas police officer Calvin Jenkins stopped a vehicle being driven by appellant in Dallas County because Jenkins' radar indicated that the vehicle was traveling at 60 m.p.h. in an area where the speed limit was 40 m.p.h. Jenkins detected the odor of alcohol on appellant's breath and administered field sobriety tests which appellant failed. Appellant was arrested. At the police station appellant declined to submit to further sobriety tests or to a breath test. Appellant was charged with driving while intoxicated.

The guilt-innocence phase of the case was tried to a jury. The State's case was presented via the testimony of Officer Jenkins. Appellant neither testified nor presented evidence on his behalf. The jury found appellant guilty and the judge sentenced appellant to 120 days confinement, probated for two years, and a fine of $500.

Appellant challenges his conviction via three issues: (1) the trial court improperly restricted appellant's voir dire of the jury venire; (2) he was denied his constitutional right to effective assistance of counsel; and (3) the complete breakdown of the system resulted in denial of his constitutional right to due process. The State responds to the issues, respectively, that (1) the only restrictions to appellant's voir dire were proper, and in any event were harmless error, at most; (2) the record does not reveal the basis for actions of counsel on which the claim of ineffective assistance is based, and appellant therefore fails to rebut the presumption that his counsel acted within the range of reasonable professional assistance; and (3) appellant's issue claiming denial of his due process rights is

inadequately briefed, and in any event, the record does not support the claim. We will

address the issues in the order presented by appellant.

## ISSUE 1: RESTRICTION OF VOIR DIRE[1]

The manner in which voir dire is conducted rests within the discretion of the trial

court and is reviewed for abuse of discretion. See Woolridge v. State, 827 S.W.2d 900,

904 (Tex.Crim.App. 1992). A trial court's discretion is abused only when a proper question

about a proper area of inquiry is prohibited. Barajas v. State, 93 S.W.3d 36, 38

(Tex.Crim.App. 2002). If it is determined that the trial court abused its discretion, we then

must conduct a harmless error analysis pursuant to TEX. R. APP. P. 44.2[2] to determine

whether the error warrants reversal of the conviction. Gonzales v. State, 994 S.W.2d 170,

171-72 (Tex.Crim.App. 1999).

Appellant's issue is based on six areas which he asserts as error by the trial court

in improperly restricting his voir dire of the jury venire. We will consider each of the areas

individually.

---

[1]Appellant cites both the 6th Amendment to the United States Constitution and Article I, § 10 of the Texas Constitution in support of his issue. However, appellant has not separately briefed his Texas constitutional argument, nor has he argued that the Texas Constitution provides more protection to him in this matter than does the U.S. Constitution, thus the Court need not address his Texas constitutional claim separately. See Muniz v. State, 851 S.W.2d 238, 251 (Tex.Crim.App. 1993).

[2]Further references to a rule of appellate procedure shall be by reference to "TRAP _____."

3

Appellant first argues that the trial court abused its discretion by restricting appellant's trial counsel from examining the venire as to appellant's right not to testify. In support of this argument, appellant cites the following portion of the trial record:

MR. COHN: Thank you very much. Folks, let me, if I can, let me touch upon the right not to testify. You cannot consider that for any purpose that is not a fact in this case. Could be for more than two reasons why he may not want to testify. It could be inconsistent evidence. Lack of evidence. Lack of witnesses. Lack of credible witnesses. Maybe --

THE COURT: Counsel, Counsel, you can't get into it either.

MR. COHN: Thank you. That's fine. Thank you, Judge.

Remember when you were a child and your mother took a cookie out of the cookie jar? I'm sorry, your mother accused you of taking a cookie out of the cookie jar. My mother took several cookies out of a cookie jar but so did I. In this particular case, your brother took the cookie out of the cookie jar, not this brother, I have two other brothers may have been them. In this case your brother took a cookie out of the cookie jar. Your mother said, put the cookies back, and you didn't do it; do you remember mom — saying mom I didn't do it. First thing you want to do is defend yourself, anybody here say that to your mother? Mom, I didn't do it. Folks, in this case with Mr. Cox, he didn't do it. Why would he testify? Why would he defend himself?

THE COURT: Counsel, you can't get into that.

MR. COHN: Okay. Your Honor, I'm just — if I can, on the right not to testify.

THE COURT: Well, that's — I'm going to instruct them on that right. You cannot elaborate on that.

MR. COHN: Thank you, Judge. That's fine. Thank you. Remember, folks, State does the accusing make them do the proving. The burden of proof is entirely on the State, and you cannot consider for any purpose Mr. Cox not testifying.

4

The jury charge stated:

> Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him.
>
> In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against him.

The trial court did not limit counsel's voir dire in this area until counsel began suggesting reasons appellant might not testify, posing open-ended questions to the panel asking the members to speculate about reasons why appellant would not testify and stating that appellant did not do what he was accused of. The reason appellant might not testify would not be applicable to any issue in the case, because regardless of the reason for appellant's failure to testify, the jury could not consider his failure to testify for any purpose against him. The question finally actually posed by counsel was so broad and vague that it was not a proper question. A voir dire question that is so vague or broad in nature as to constitute a global fishing expedition is not proper and may be prevented by the trial judge. Barajas, 93 S.W.3d at 39.

Furthermore, if the trial court limits a question due to its form, trial counsel must determine the basis of the limitation and attempt to fashion a query which complies with the perceived inadequacy. See Wright v. State, 28 S.W.3d 526, 534 (Tex.Crim.App. 2000). Although appellant is entitled to ask proper questions in a particular area of inquiry, such entitlement does not extend to asking questions in any particular form. Without a

showing of diligence by counsel to follow through and attempt to fashion questions inquiring into the area of inquiry which complied with the trial court's ruling, we cannot say that the trial court improperly restricted voir dire on the topic. Id. Error is not preserved for review as to proposed questions not presented to the trial court for a ruling. See id.; Caldwell v. State, 818 S.W.2d 790, 794 (Tex.Crim.App.1991).

The second area complained of by appellant under this issue is that the trial court abused its discretion in restricting appellant's questioning of potential jurors as to indications of fatigue or exhaustion as contrasted with indications of intoxication. The record reveals the following exchange between one of appellant's defense attorneys and venireperson Criswell:

| MR. COHN: | If I could for a moment — I'm not picking on you, Mr. Criswell -- the indication of fatigue or extreme exhaustion — what would you look for in somebody who might be extremely fatigued? What kind of things would you look for in somebody who hasn't slept in — I'm exaggerating, in three or four days? |
|---|---|
| JUROR CRISWELL: | Well, they would not be attentive. Eyes would not be -- |
| MR. COHN: | Bloodshot eyes maybe — |
| JUROR CRISWELL: | Bloodshot and maybe they would not be able to focus. |
| THE COURT: | Sir, you can't have a seminar. |
| MR. COHN: | Thank you, Judge. |
| THE COURT: | Okay? |
| MR. COHN: | Thank you, Judge. Folks, I'll move on. |

6

Appellant's counsel asked a question and the venireperson was allowed to answer. Counsel did not present any questions which he was not allowed to ask. If counsel refrains from asking a question, the trial judge is denied the opportunity to make a ruling. We are unable to review a ruling which was never made. The record presents nothing for review. See Wright, 28 S.W.3d at 534; Caldwell, 818 S.W.2d at 794.

Appellant also contends that the trial court abused its discretion by restricting appellant's questioning of the venire as to the issue of the State's burden of proof. He addresses the following exchange:

| | |
|---|---|
| MR. COHN: | Anybody here seen anything, read anything, heard anything about the accuracy or inaccuracy of the breath test? Anybody? Mr. Biolsi, what have you heard? |
| JUROR BIOLSI: | I have heard that it can be wrong as all get out. |
| MR. COHN: | Thank you, sir. Mr. Layton. |
| MR. ALEX: | Judge, I'm going to object. We're getting into the scientific mechanism of a breath test, whether its a refusal or a test case, it's getting into the evidence — potential evidence of the case. |
| MR. COHN: | Your Honor, if I could be heard. |
| THE COURT: | Sure. |
| MR. COHN: | The Prosecutor made reference to the right to take a breath test, the privilege to refuse it, and the driver's license being suspended. I'm not asking anything in specific, I'm just asking if anybody heard anything. |
| MR. ALEX: | I don't object to if anybody heard anything, Judge, I object to them telling what they know about the inner workings or how the tests were — a yes or no answer, I have no objection with. |

7

| | |
|---|---|
| THE COURT: | Yes or no. |
| MR. COHN: | That helps and I appreciate it. Anybody else? Mr. Layton, you've heard some stuff on it? |
| MR. LAYTON: | Yes. |
| MR. COHN: | Mr. Woodall. |
| JUROR WOODALL: | Uh-huh. |
| MR. COHN: | Thank you, folks. Thank you very much. Anybody else? |
| | (No response.) |
| MR. COHN: | Thank you very much. Thank you. |

Assuming the subject matter of counsel's questions was proper, appellant's counsel was not prohibited from inquiring into what the members of the venire knew about the accuracy of breath tests. Counsel was allowed to ask Juror Biolsi what he had heard regarding the accuracy of such tests, and the trial court allowed Biolsi to answer the question. After the prosecutor objected, and before the court could rule on the objection, appellant's counsel told the court that he was not asking anything specific, rather, he was merely asking whether any members of the venire had heard anything regarding the accuracy of breath tests. The trial judge's ruling limited the form of any further questioning to a certain extent, but did not prohibit counsel from continuing his inquiry into whether any member of the venire had heard anything. The record does not reflect any specific questions which counsel posed and was refused the opportunity to ask as to what the potential jurors had heard or otherwise knew about the subject matter, nor a request to ask such questions at a bench conference or out of the hearing of the other venire members in some other fashion. Counsel's failure to diligently attempt to fashion questions which

8

complied with the trial court's ruling or otherwise seek information from venire members prevents us from concluding that the trial court improperly restricted voir dire on the topic. See Wright, 28 S.W.3d at 534.

Appellant next complains that his examination of the entire panel was restricted because the trial court restricted his questioning to "the back row of the venire" when no such restriction was placed on the State. He references an exchange that occurred while appellant's counsel was questioning Juror Jones:

| THE COURT: | Which juror is this that your [sic] questioning? |
|---|---|
| MR. COHN: | Pardon me? |
| THE COURT: | Which juror are you talking to? |
| MR. COHN: | Ms. Jones. |
| THE COURT: | Where is Ms. Jones?  She won't even be on the jury vote, sir. |
| MR. COHN: | Thank you, Judge.  May we approach? |

An unrecorded bench conference was then held.  At the end of the bench conference, jurors Johnson, Platt, and Jones were called to the bench and another bench conference was held regarding their qualifications to serve on the jury.  Appellant's counsel asked several questions of Jones during the bench conference, and she was excused by the trial court.

The trial judge never ruled that appellant's counsel could not question Jones, nor did the judge prohibit appellant's counsel from asking any specific questions of her or of any other member allegedly on the "back row."  Appellant does not reference any objection

9

lodged to the trial court's statement as to Jones, nor any objection to any other action of the trial court as to this complaint. Thus, appellant has not preserved error for review. See TRAP 33.1(a)(1); Wright, 28 S.W.3d at 534; Caldwell, 818 S.W.2d at 794.

Appellant next argues that the trial court abused its discretion in *sua sponte* declaring a prospective juror qualified without allowing proper examination by appellant's counsel when the prospective juror should have been excused under Article 35.16(a)(9) of the Code of Criminal Procedure. See TEX. CRIM. PROC. CODE ANN. § 35.16(a)(9) (Vernon 1989).

During the State's voir dire, veniremember Johnson disclosed that her dad was a police officer. During questioning by both the prosecutor and appellant's counsel, her answers on the whole were equivocal as to whether she would consider testimony from the police more credible because of their status as officers and her dad's position. Eventually, the trial court addressed her and determined that she was qualified. In presenting his issue, appellant quotes, in part, the following from the record:

| | |
|---|---|
| THE COURT: | Everybody — ma'am, your Dad's been a police officer for how long? |
| JUROR JOHNSON: | For ten years. |
| THE COURT: | Now, the last question we have, folks, the fact that your father was a police officer and you think highly of your father, I assume, would that fact alone — the fact that your deliberation – |
| JUROR JOHNSON: | Would not affect. |

10

| | |
|---|---|
| THE COURT: | Your father's a police officer, and a police officer is going to testify; would that interfere with your deliberation process? |
| JUROR JOHNSON: | No, I would hear what everybody have to say. |
| THE COURT: | You'd hear a police officer and you would give him more credibility, or you'd believe a police officer's job - - |
| JUROR JOHNSON: | I did not say I'd give him more credibility, but I didn't explain that. That's not what I said. He was going on that, that's what I said back there — about being fair — that lady she felt — |
| THE COURT: | Well, the jurors did. The fact is that you're going to be fair with a police officer? |
| JUROR JOHNSON: | Yes. |
| THE COURT: | She is qualified. |
| MR. COHN: | Your honor, first of all I object. . . . (sotto voice)[sic] I also object to the standard – in this community that the – this community in this county that voir dire is conducted when objections are made after the completion of voir dire. . . . |

In urging his issue, appellant references Texas Constitution Article 1, § 10 and Code of Criminal Procedure article 35.16(a)(9) in asserting his right to have Johnson removed for cause because she had a bias or prejudice. He then asserts that he preserved error because he made known to the trial court the topic on which he sought to further question Johnson, and that he was harmed because the trial court prevented him from asking proper questions.

The record does not substantiate appellant's claim. The closest appellant came to objecting to the trial court's action on Johnson was "Your honor, first of all, I object. . .,"

11

after which he discussed local procedures for presenting challenges to potential jurors. Such an objection is a general objection, at best, and is not specific enough to advise the trial court of his complaint, and to preserve error. See TRAP 33.1(a)(1); Smith v. State, 683 S.W.2d 393, 403-04 (Tex.Crim.App. 1984).

Moreover, a trial court's ruling on a challenge to a member of the jury venire is reviewed for abuse of discretion. See Adanandus v. State, 866 S.W.2d 210, 222 (Tex.Crim.App. 1993). The ruling is reviewed in light of the venireperson's voir dire as a whole. See Garcia v. State, 887 S.W.2d 846, 854 (Tex.Crim.App. 1994). If the venireperson vacillates or equivocates on the matter in question, the reviewing court generally defers to the trial court's decision because the trial court had the opportunity to see and hear the person. Id.

Viewing Johnson's voir dire as a whole, it is clear that she was at first equivocal in response to some questions. Thus, we defer to the trial court's decision, and conclude that the trial court did not abuse its discretion in determining that she was qualified. Id.

Finally, appellant makes no claim that the trial court's action required him to use a peremptory strike on Johnson, that Johnson was on his jury, or that the ruling somehow resulted in an objectionable juror sitting on his jury.[3] We conclude that the trial court's action was not error, appellant has not preserved error for review, and that in any event

---

[3]Nor could he. Johnson was not on the jury and appellant did not exercise a peremptory challenge on her.

12

the action was harmless. See Jacobs v. State, 787 S.W.2d 397, 405 (Tex.Crim.App. 1990).

Appellant next contends that the trial court abused its discretion by limiting trial counsel's questioning of individual jurors on the subject of the State's burden of proof. In support of this argument, appellant refers to the following exchange:

MR. COHN: The burden of proof is entirely on the State. The State does the accusing make them do the proving. I know I've said that over and over.

Anybody who doesn't agree with that? Anybody? Anybody have a problem with that? Mr. Jackson, is that the way you'd want it if you were charged?

MR. ALEX: Judge, I'm sorry. I'm going to have to object at this point. Counsel is arguing this case on voir dire. He's asked that question at least five times now. And I think at this point we are no longer talking about the law or getting any information, we're arguing our case at this point.

THE COURT: What was the question?

MR. COHN: Your Honor, I simply asked Mr. Jackson if he heard some evidence of alcohol, but he was not convinced beyond a reasonable doubt, would he find — how would he find.

THE COURT: Well, I'll sustain that objection to this. It's repetitive. You've asked that question in one form or another, Counsel.

MR. COHN: That's fine. Thank you, Judge.

Appellant urges that a defendant's counsel has the right to ask specific questions of individual veniremembers, see Plair v. State, 279 S.W. 267, 268 (Tex.Crim.App. 1925), even while acknowledging the rule that a trial court does not abuse its discretion in

refusing to allow defense counsel to ask duplicitous, repetitive or unnecessary questions regarding the burden of proof. Penry v. State, 903 S.W.2d 715, 739 (Tex.Crim.App. 1995).

In this instance, the record quoted by appellant shows that: (1) appellant's counsel stated that "I've said that over and over," (2) the prosecutor objected in part because counsel had asked the question "at least five times," (3) the court agreed with both counsel that the question had been asked before in one form or another, and (4) counsel did not object that although the question was repetitive, counsel had not sought the particular views of Jackson on the matter. Assuming, *arguendo,* that the trial court's ruling would have been error because appellant was directing his inquiry to an individual member of the venire, appellant was required to object and state the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context of the objection. TRAP 33.1(a)(1)(A). Appellant did not do so. The trial court did not abuse its discretion in disallowing the question on the basis that it was repetitive, in the absence of an objection by appellant on some other grounds. Moreover, appellant did not use a peremptory challenge on veniremember Jackson and Jackson was not on the jury. The error, if any, was harmless.[4]

---

[4]Because of our disposition of appellant's complaint, we need not consider whether the question as phrased by counsel to the court after the State's objection was an improper commitment question. See Standefer v. State, 59 S.W.3d 177, 179-80 (Tex.Crim.App. 2001).

14

Finally, as part of issue one, appellant contends that the trial court abused its discretion in refusing to allow appellant's counsel to make a bill of review regarding an allegedly improper statement made by a venireperson in the presence of the bailiff. Appellant has not included any argument or authority in his brief in support of his claim. He has presented nothing for this Court to review.  See Lagrone v. State, 942 S.W.2d 602, 614 (Tex.Crim.App. 1997); Rodriguez v. State, 955 S.W.2d 171, 176 (Tex.App.--Amarillo 1997, no pet.).

Having found no merit to any of the subparts of issue one, we overrule the issue.

ISSUE 2:  INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant's second issue asserts that he received ineffective assistance of counsel in violation of his rights under the Sixth Amendment to the United States Constitution and under Article I, § 10 of the Texas Constitution.  Appellant, however, does not separately brief his Texas constitutional claim, nor argue that the Texas Constitution provides more protection to him in this matter than does the United States Constitution.  Under such circumstances, we need not and will not address his state constitution claim separately. See Muniz, 851 S.W.2d at 251; Johnson v. State, 853 S.W.2d 527, 533 (Tex.Crim.App. 1992).

We are obligated to follow United States Supreme Court precedent on matters of federal constitutional law. Hernandez v. State, 988 S.W.2d 770, 771 (Tex.Crim.App. 1999). When confronted with an ineffective assistance of counsel claim, we apply the

two-pronged analysis set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 56-57 (Tex.Crim.App.1986) (adopting Strickland as applicable standard under Texas Constitution).

Under the first prong of the Strickland test, an appellant must show that counsel's performance was "deficient." Strickland, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To be successful in this regard, an appellant "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Appellant must prove both prongs of Strickland by a preponderance of the evidence in order to prevail. McFarland v. State, 845 S.W.2d 824, 842-43 (Tex.Crim.App. 1992).

Under the Strickland test, the defendant bears the burden of proving ineffective assistance. In addition, when reviewing a claim of ineffective assistance, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). The defendant asserting ineffective assistance must present a record with evidence of the reason or reasons that the alleged ineffective assistance actions or omissions were not trial strategy.

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Id.

Without any proof in the record of trial counsel's reasons for his actions of which complaint is made, see Bone v. State, 77 S.W.3d 828, 836-37 (Tex.Crim.App. 2002), appellant asserts that he was denied effective assistance of counsel in that appellant's trial counsel failed to 1) object to and preserve error regarding certain questions asked by the prosecutor on voir dire, during the State's case-in-chief, and in final argument; 2) challenge a juror for cause; and 3) object to certain leading questions and statements made by the prosecutor during presentation of the State's case-in-chief.

We first address the allegations of ineffectiveness for counsel's failure to object to questions, presentation of evidence, and argument by the prosecutor. As to such allegations, to successfully present an argument that counsel was ineffective because of a failure to object, appellant must show that the trial court would have committed error in overruling such objection. See Vaughn v. State, 931 S.W.2d 564, 566 (Tex.Crim.App. 1996). Appellant has not done so. Appellant cites general law as to ineffective assistance of counsel, then sets out several pages of references to the record and complaints about what the prosecutor said or did. He does not cite any authority to support his burden of showing that the trial court would have sustained an objection to the questions, manner of presentation of evidence, or arguments made by the prosecutor.

The same presentation is made in regard to appellant's allegation of ineffectiveness for failing to challenge juror Johnson for cause: argument is made without citation to authority that had such a challenge been made, it would have been sustained. Thus, nothing is presented for review as to the allegation. Id.

Appellant's second issue is overruled.

ISSUE 3: DENIAL OF DUE PROCESS

By his third issue, appellant alleges generally that the total effect of the errors asserted in his prior issues resulted in denial of his right to due process under the 14th Amendment to the United States Constitution and his right to due course of law under Article I, § 19 of the Texas Constitution. He further posits that under such a denial as appellant has suffered, the issue of harm is moot, and that to require a harm analysis would be to abridge his constitutional rights of due process and due course of law. In support of his issue he cites no authority either as to the assertion that his rights were violated, or to the assertion that no harm analysis can be required.

Appellants may make arguments for which there is no authority directly on point. However, in making such arguments, appellants must ground their contentions in analogous case law or advance some explanation for the failure to cite authority and provide a relevant jurisprudential framework for evaluating the claim. See Tong v. State, 25 S.W.3d 707, 710 (Tex.Crim.App. 2000). Reference only to the Due Process Clause of the Fourteenth Amendment to the United States Constitution and to Article I, § 19 of the

18

Texas Constitution is insufficient citation of authority to consider an issue adequately briefed. <u>Yates v. State</u>, 941 S.W.2d 357, 363 (Tex.App.--Waco 1997, pet. ref'd). The body of law surrounding these two provisions is great enough that more direct authority is required when asserting violations of rights under either such provision. <u>Id</u>.

The issue is inadequately briefed. <u>See</u> TRAP 38.1(h); <u>Tong</u>, 25 S.W.3d at 710. <u>See</u> <u>also</u>, <u>Rocha v. State</u>, 16 S.W.3d 1, 20 (Tex.Crim.App. 2000) (argument that fails to cite supporting authority presents nothing for review). Appellant's third issue is overruled.

## CONCLUSION

Appellant's issues having been overruled, we affirm the judgment of the trial court.


Phil Johnson
Chief Justice


Do not publish.