**626·15**

May 26th 2015

Mr. Abel Acosta, Clerk.
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas.
78711

ORIGINAL

Re: P.D.R.

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 03 2015
Abel Acosta, Clerk

Dear Clerk,
Enclosed you will find my
PRO-SE - Petition for Discretionary Review.
Please bring it to the Honorable Courts
attention

Thank You

FILED IN
COURT OF CRIMINAL APPEALS
AUG 13 2015
Abel Acosta, Clerk

David Samaripas JR #1555601
Ramsey Unit
1100 F.M. 655 Rd.
Rosharon, Texas.
77583

NO. _____

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS AT AUSTIN, TEXAS

_____

DAVID SAMARIPAS, JR.,

Appellant

v.

THE STATE OF TEXAS

Appellee

_____

FROM THE THRITEENTH COURT OF APPEALS

AT CORPUS CHRISTI-EDINBERG, TEXAS

CAUSE NO. 13-11-00442-CR

_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

ORAL ARGUMENT REQUESTED

> DAVID SAMARIPAS, JR., PRO SE
>
> TDCJ-ID # 1555601
>
> RAMSEY UNIT
>
> 1100 FM 655
>
> ROSHARON, TX 77583

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 03 2015

Abel Acosta, Clerk

# IDENTIFICATION OF THE PARTIES

Pursuant to TEX.R.APP.P.38.1(a) a complete list of all counsel and parties to the trial court's order is provided below so that members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of this case.

## COUNSEL FOR THE STATE

DOUG HOWELL ASSISTANT DISTRICT ATTORNEY

LISA McMINN STATE PROSECUTING ATTORNEY

## APPELLANT - DEFENDANT

DAVID SAMARIPAS, JR.

## COUNSEL FOR APPELLANT ON APPEAL

RICHARD E.WETZEL
1411 WEST AVENUE
SUITE 100
Austin, Tx. 78701

i

# TABLE OF CONTENTS

pg

STATEMENT REGARDING ORAL ARGUMENT iii

TABLE OF AUTHORTIES iv

STATEMENT OF THE CASE 1

STATEMENT OF PROCEDURAL HISTORY 1

QUESTION PRESENTED 2

ARGUMENT 2

CONCLUSION 4

CERTIFICATE OF SERVICE 5

APPENDICES 6, 7

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant believes and respectfully suggest to this court that the important issue raised in this petition is worthy of oral argument. The Appellant further believes,that presentation of oral argument in this case will assist the Court in understanding the effects of the Thirteenth Court of Appeals' opinion. Therefore, the Appellant request oral argument in this case.

Texas cases                                                           PG
ALLRIDGE V STATE, 850 SW 2d 471 (Tex.Crim.App.1991)                    2

BARAJAS V STATE , 93 SW 3d 36 (Tex. Crim.App.2000)                     2

GONZALES V STATE, 994 SW 2d 170 (Tex.Crim.App.1995)                    3

STANDEFER V STATE, 59 SW 3d 177 (Tex. Crim App 2001)                   2

NO. _____

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS AT AUSTIN, TEXAS
_____

DAVID SAMARIPAS, JR.,
Appellant

v.

THE STATE OF TEXAS
Appellee
_____

FROM THE THRITEENTH COURT OF APPEALS

AT CORPUS CHRISTI-EDINBERG, TEXAS

CAUSE NO. 13-11-00442-CR
_____

TO THE HONORABLE COURT OF CRIMINAL APPEALS:


## STATEMENT OF THE CASE

The Appellant was indicted and found guilty of engaging
in organized criminal activity and the jury determined that
he had used or exhibited a deadly weapon during it's
commission. Two enhancements were submitted to this jury
during the punishment phase and the jury found both
enhancement paragraphs true,and Appellant was sentenced as a
habitual offender to 53 years in TDCJ-ID.

## STATEMENT OF PROCEDURAL HISTORY

Appellant appealed the decision, claiming that the
evidence was insufficient, that the trial court abused it's
discretion in limiting his voir dire examination, that the
trial court erred in instructing the jury on the law
of parties, and that his sentenced was improperly
enhanced. The court of appeals affirmed Appellant's

1

conviction and sentence. Appellant filed a petition for discretionary review, asking the court to consider whether the Court of Appeals erred in holding that he failed to preserve the voir dire error and whether his prior State jail felony conviction could be used for sentence enhancement.

The Court reversed on Appellant's voir dire issue, holding that Appellant preserved error for review, and remanded the issue to the Thirteenth Court of Appeals for consideration of the merits of that issue. See Appendix-A

This Court has extended the Appellant's time to file it's petition for discretionary review until July 31, 2015. This petition is timely filed. See Appendix -B

## QUESTION PRESENTED
DID THE COURT OF APPEALS ERR IN FAILING TO PERFORM
A PROPER HARM ANALYSIS ON THE QUESTION ASKED BY COUNSEL

## ARGUMENT

"A trial court's discretion is abused only when a proper question about a proper area of inquiry is prohibited. A question is proper if it seeks to discover a juror's views an issue applicable to the case." Barajas v.State, 93 SW 3d 36 (Tex. Crim. App. 2002)(en Banc). "Commitment questions are those that commit a prospective juror to resolve, or refrain from resolving, an issue a certain way after learning a particular fact." Standefer v.State, 59 SW 3d 177, 179 (Tex. Crim.App.2001)(quoting Allridge v.State, 850 SW2d (Tex. Crim. App. 1991)(en banc)

The inquiry for improper commitment questions has two

2

steps:(1) is the question a commitment question; and (2) does the question include facts- and only those facts-that lead to a valid challenge for cause? If the answer to (1) is "yes" and the answer to (2) is "no",then the question is an improper commitment question, and the trial court should not allow the question. Id.at 182-83.

Upon holding a trial court erred in disallowing a proper question, the court must evaluate for harm. Erroneously excluding a proper question during voir dire is subject to a harmless error analysis. Gonzales v.State, 994 SW2d 170 (Tex. Crim.App. 1999)

In the instant case at bar, the question was a proper question rather than an improper question as the court of appeals determined. It should have been subjected to the correct harm analysis because the question merely asked for the type of evidence the State needed to present in order to convince them that somebody committed an offense beyond a reasonable doubt, which, when phrased a different way elicited a proper answer,namely: FACTUAL

The question under review was not case-specific and had no hypothetical.set of facts or solicited the prospective jurors to set hypothetical parameters for their decision making. The prospective jurors were not predisposed to believe, based on this question, that they had to consider any set of facts, and to speculate regarding what decision they would make in that situation.

Further, this question was relevant to the issue of whether the prospective juror could fairly comprehend the

3

term reasonable doubt, based on the previous answer on reasonable doubt as being _fuzzy_. In other words , NOT CLEAR. This is an issue that goes to the heart of a guilt or innocence verdict, in the instant case based solely upon the facts proven at trial. Therefore regarding this issue, the trial court restricted the appellant's questioning of the prospective juror about her ability to fairly comprehend reasonable doubt, causing harm because appellant did not intelligently exercise his challenge for cause or peremptory challenge. In addition, Appellant tried several times to explore the prospective juror's understanding of the beyond a reasonable doubt standard through other questions and several times he was restricted as well.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Appellant prays this Honorable Court grant discretionary review of the Thirteenth Court of Appeals' decision in this case, reverse, the decision of the Thirteenth Court of Appeals, and order a proper harm analysis and/or any other relief this court deems necessary.

Respectfully submitted, 7-26-15

David Samaripas, Jr.
Pro se, TDCJ #1555601
Ramsey Unit
1100 FM 655
Rosharon, Tx. 77583

4

## CERTIFICATE OF SERVICE

I David Samaripas, Jr., do certify that a true and correct copy of the foregoing Petition for Discretionary Review was mailed via pre-paid U.S. postage to the Assistant District Attorney Doug Howell. Additionally, a copy of the foregoing PDR was mailed to the State Prosecuting Attorney, P.O. Box 12405, Austin, Tx. 78711, in accordance with the TRAP 68.11.

Executed on this date: _7-26-15_

David Samaripas, Jr.
Pro se

APPENDIX - A



NUMBER 13-11-00442-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DAVID SAMARIPAS JR.,                                                                  **Appellant,**

**v.**

THE STATE OF TEXAS,                                                                  **Appellee.**

**On appeal from the 272nd District Court
of Brazos County, Texas.**

# MEMORANDUM OPINION ON REMAND[1]

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion on Remand by Justice Perkes**

This case is on remand from the Texas Court of Criminal Appeals. On original

submission, we affirmed appellant David Samaripas Jr.'s conviction for engaging in

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

organized criminal activity. *Samaripas v. State*, 446 S.W.3d 1, 3 (Tex. App.—Corpus Christi 2013), *rev'd*, No. PD-135-13, 2014 WL 5247434, *5 (Tex. Crim. App. Oct. 15, 2014). On appeal, appellant asserted four separate issues: (1) the evidence is insufficient; (2) the trial court abused its discretion by limiting appellant's voir dire examination of a prospective juror[2]; (3) the trial court erred by instructing the jury on the law of parties; and (4) appellant's sentence was improperly enhanced. After we affirmed the trial court's judgment, appellant sought discretionary review.

The Court of Criminal Appeals limited its consideration to appellant's voir dire and enhancement issues. The Court agreed with our disposition of appellant's enhancement issue, holding that appellant's sentence was properly enhanced. The Court, however, reversed on appellant's voir dire issue, holding that appellant preserved error for review, and remanded the issue to this Court for consideration of the merits of that issue. *Samaripas*, 2014 WL 5247434, at *5.

## I. JURY VOIR DIRE[3]

By this remaining issue, appellant argues that "the trial court abused its discretion by improperly limiting [appellant's] voir dire examination of a prospective juror." Appellant contends that the trial court disallowed a proper question, and by refusing to allow counsel to ask the question, his counsel was denied the opportunity to formulate a challenge for cause and to intelligently use peremptory challenges.

---

[2] With respect to appellant's first issue, we opined that appellant failed to preserve his appellate complaint for review on appeal.

[3] A full recitation of the facts is available in our earlier opinion. *See Samaripas v. State*, 446 S.W.3d 1, 3 (Tex. App.—Corpus Christi 2013), *rev'd*, No. PD-135-13, 2014 WL 5247434, *5 (Tex. Crim. App. Oct. 15, 2014). On remand, we are only providing the facts necessary for the disposition of the remanded issue.

2

During voir dire, appellant's counsel advanced the following question: "What type of evidence would you expect to hear? What type of evidence do you expect the State of Texas to bring you, Ms. O'Neal, in an effort to prove to you beyond a reasonable doubt that someone committed an offense?" The State objected on the ground that the question was an improper commitment question, and the trial court sustained the objection. Defense counsel continued with voir dire as follows:

DEFENSE: [Directed to venireperson] In that class three years ago, you probably learned there's no definition provided by the court to "beyond a reasonable doubt"; is that right?

VENIREPERSON: Right. We had a long discussion about it.

DEFENSE: And did that make sense to you?

VENIREPERSON: It can be fuzzy.

DEFENSE: It can be fuzzy. In order to convince somebody beyond a reasonable doubt—I'll come back to you, [venireperson]. What type of evidence would you expect the State of Texas to bring to you in order to convince you that somebody committed an offense beyond a reasonable doubt?

The State objected, and the trial court called the parties to the bench.

COURT: I think he is entitled to say what is your understanding of reasonable doubt, as long as he doesn't give them a definition they have to adhere to.

STATE: But if he's saying what [evidence] do you need for you to get to guilty?

The trial court sustained the State's objection. Appellant's counsel rephrased.

DEFENSE: What type of evidence would you expect to hear? What type of evidence do you expect the State of Texas to bring you, [venireperson], in an effort to prove

3

to you beyond a reasonable doubt that someone committed an offense?

Again, the State objected, and the trial court called the parties to the bench.

| | |
|---|---|
| STATE: | Same question: "What do you expect?" |
| COURT: | You're going to bind them to a certain level of evidence. |
| DEFENSE: | Just asking them what do they expect the State of Texas to bring them evidence wise. |
| COURT: | I don't have a problem with that question. Ask it that way. Sustained. |
| STATE: | But to prove somebody guilty at that point in time, that's why. |
| COURT: | I can't let them get committed to a certain proof in order to find somebody. |
| DEFENSE: | I'm understanding that. |
| • COURT: | I sustain the objection. |

[End of bench conference.]

| | |
|---|---|
| DEFENSE: | In a criminal case, [venireperson], what type of evidence would you expect to hear period? |
| VENIREPERSON: | Factual. |
| DEFENSE: | Factual evidence. What type of factual evidence, [venireperson]? |
| VENIREPERSON: | Good. Well, maybe some eyewitnesses. |
| DEFENSE: | Eyewitnesses. Okay, what else? Now, we're talking about engaging in organized criminal activity deadly conduct charge. What are you expecting? |
| VENIREPERSON: | Physical evidence. |
| DEFENSE: | Physical evidence. Number 23, what type of evidence would you expect? |

4

VENIREPERSON: Gun.

DEFENSE: A gun. Okay.

VENIREPERSON: If that was the case.

DEFENSE: What else? What other type of evidence could we have, factual physical evidence? A gun. What else might you expect?

VENIREPERSON: Eyewitness.

VENIREPERSON: Expert testimony.

DEFENSE: Expert testimony. On what?

STATE: Judge, I'm sorry. We're going back to the same thing. Essentially saying here's what we need to prove to get to beyond a reasonable doubt.

DEFENSE: That's not my question, Judge.

COURT: Come up here again.

[Bench conference]

STATE: I keep objecting because he's trying the same exact [sic]. He's saying what kind of evidence, factual evidence—

COURT: Make clear to them in your question that your question is predicated that they're many different kinds of evidence some of it which you can hear, some of which you cannot hear. In other words, what you're doing now, again, is binding them to hear certain evidence before they can say guilty.

DEFENSE: I respectfully disagree, your Honor. I'm just asking them their expectations for trial.

COURT: Well, phrase it clearly that these may or may not be necessary to find reasonable doubt, please.

DEFENSE: Yes, sir.

5

| COURT: | Then you can ask it. |
|---|---|

[End of bench conference.]

| DEFENSE: | Understanding that these items of evidence that we're talking about here may or may not create reasonable doubt, may or may not convince you beyond a reasonable doubt—okay, we talked about physical evidence; we talked about guns; we talked about—we were at expert testimony. Who said that? |
|---|---|

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A trial court has broad discretion over the voir dire process, including setting reasonable limits and determining the propriety of a particular question. *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002) (en banc). "A trial court's discretion is abused only when a proper question about a proper area of inquiry is prohibited. A question is proper if it seeks to discover a juror's views on an issue applicable to the case." *Id.* (citations omitted).

Commitment questions that "bind or commit a prospective juror to a verdict based on a hypothetical set of facts" exceed the proper area of inquiry, and a trial court does not abuse its discretion in disallowing the questions. *See Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001) (quoting *Allridge v. State*, 850 S.W.2d 471, 480 (Tex. Crim. App. 1991) (en banc)). "Commitment questions are those that commit a prospective juror to resolve, or refrain from resolving, an issue a certain way after learning a particular fact." *Id.* "Although commitment questions are generally phrased to elicit a 'yes' or 'no' answer, an open-ended question can be a commitment question if the question asks the prospective juror to set the hypothetical parameters for his decision-making." *Id.* at 180 (citing *Allridge*, 850 S.W.2d at 480).

6

But, not all commitment questions are improper. "[F]or a commitment question to be proper, one of the possible answers to that question must give rise to a valid challenge for cause."[4] *Id.* at 182. For instance, "[w]hen the law requires a certain type of commitment from jurors, the attorneys may ask the prospective jurors whether they can follow the law in that regard." *Id.* at 181. "Even if a question meets this challenge for cause requirement, however, the question may nevertheless be improper if [the question] includes facts *in addition* to those necessary to establish a challenge for cause." *Standefer*, 59 S.W.3d at 182 (emphasis in original).

The inquiry for improper commitment questions has two steps: (1) is the question a commitment question; and (2) does the question include facts—and only those facts— that lead to a valid challenge for cause? If the answer to (1) is "yes" and the answer to (2) is "no," then the question is an improper commitment question, and the trial court should not allow the question. *Id.* at 182–83.

Upon holding a trial court erred in disallowing a proper question, we must evaluate for harm. "There may be instances when a judge's limitation on voir dire is so substantial as to warrant labeling the error as constitutional error subject to a Rule 44.2(a) [of the Texas Rules of Appellate Procedure] harm analysis." *Easley v. State*, 424 S.W.3d 535, 541 (Tex. Crim. App. 2014). But when an attorney is not "foreclosed from explaining the concept of beyond a reasonable doubt and exploring the venire members' understanding and beliefs of reasonable doubt by other methods" or questions, the error is not

---

[4] Texas Code of Criminal Procedure article 35.16 lists the challenges for cause. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(a) (West, Westlaw through 2013 3d C.S.) (providing that "[a] challenge for cause is an objection made to a particular juror, alleging some fact which renders the juror incapable or unfit to serve on the jury").

constitutional, and we review for harm under Texas Rule of Appellate Procedure 44.2(b). *Easley*, 424 S.W.3d at 541. Under that standard, we disregard any "error, defect, irregularity, or variance that does not affect substantial rights . . . ." TEX. R. APP. P. 44.2(b); *Easley*, 424 S.W.3d at 541–42. "A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict." *Rich v. State*, 160 S.W.3d 575, 577 (Tex. Crim. App. 2005) (quotation omitted). In assessing harm, we review:

> everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error.

*Id.* at 577–78; see *Easley*, 424 S.W.3d at 542.

### III. DISCUSSION

### A. Exclusion of Voir Dire Question

Appellant asserts the trial court abused its discretion by limiting appellant's voir dire examination of a prospective juror. Defense counsel asked: "What type of evidence would you expect to hear? What type of evidence do you expect the State of Texas to bring you, Ms. O'Neal, in an effort to prove to you beyond a reasonable doubt that someone committed an offense?"

In context, defense counsel's question was a commitment question because it solicited the prospective jurors to set hypothetical parameters for their decision-making. *See Standefer*, 59 S.W.3d at 180. In other words, the question committed a prospective juror to a verdict based on a hypothetical set of facts. Unlike typical commitment

8

questions, which are generally closed-ended questions, the type of open-ended commitment question in this case begins with the answer—yes or no (i.e., conviction or acquittal)—and asks the prospective jurors to set the parameters to reaching that answer. *See id.* Most specifically, defense counsel was addressing the State's burden of proof to convict, and the question invited the prospective jurors to detail hypothetical prerequisites to reaching that result, despite the fact that the State may not, and need not, present such evidentiary parameters to satisfy its burden. *See id.* For example, a conviction may be based on the testimony of a single eyewitness, in which case the State need not present DNA evidence, a weapon, or expert testimony. *See, e.g., Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971). Recognizing that, the trial court requested defense counsel to rephrase the question to avoid binding the prospective jurors to a type of evidence as a prerequisite for conviction.

Having determined that defense counsel's question was a commitment question, we now turn to whether the question included facts that would lead to a valid challenge for cause. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16 (West, Westlaw through 2013 3d C.S.). The principle of proof beyond a reasonable doubt is crucial, and it is a proper area of inquiry. But defense counsel's commitment question explored more than whether the prospective jurors understood the burden or whether they could follow the law. As a parameters-setting commitment question, it was not designed to uncover a valid challenge for cause. *See Standefer*, 59 S.W.3d at 182 (holding that commitment question is improper unless one of the possible answers gives rise to a valid challenge for cause). Because the commitment question did not target a challenge for cause, defense counsel's voir dire question was improper. *See Standefer*, 59 S.W.3d at 182. We conclude that

9

the trial court did not abuse its discretion in sustaining the State's objection and requesting defense counsel to rephrase the question. *See id.*

## B. Harmless Error

Even assuming the question was not a commitment question or could give rise to a challenge for cause, any error in restricting the question was harmless. Although the trial court required defense counsel to rephrase the question, appellant was not foreclosed from explaining the State's burden or exploring the prospective jurors' understanding of and beliefs relating to it through other questions. Accordingly, we review for non-constitutional error, *see Easley*, 424 S.W.3d at 541–42, and we disregard any error in excluding the question unless it had a substantial and injurious effect or influence on the jury's verdict. *See* TEX. R. APP. P. 44.2(b); *Rich*, 160 S.W.3d at 577 (defining "substantial rights").

The evidence showing appellant perpetrated the drive-by shooting with the intent to establish, maintain, or participate in a criminal street gang was substantial. *See, e.g., Hart v. State*, 89 S.W.3d 61, 63–64 (Tex. Crim. App. 2002) (en banc) (defining the offense of engaging in organized criminal activity). Officers testified that appellant belonged to a gang. One detective read a statement from appellant in which he referred to the gang as "us" and that gang's rival as "them." Earlier on the night of the shooting, a member of appellant's gang shot four members of the rival gang. Later that night, a black car was involved in shooting another member of the rival gang. A member of that rival gang had shot someone in appellant's gang a few days earlier, and the rival member lived at the house where the drive-by shooting occurred. About one month earlier, the rival member shot appellant. As a result of the shooting, appellant needed a colostomy bag. Police

10

found the gun used to shoot at the rival member's residence in appellant's colostomy bag, which had been thrown from the front passenger seat of the vehicle, which is where appellant sat. A witness testified that a black car was involved in the drive-by shooting. Overall, the testimony and physical evidence against appellant was strong.

Although prevented from asking the question in the manner defense counsel preferred, the trial court did not prevent appellant's defense counsel from exploring the prospective jurors' understanding of the beyond-a-reasonable-doubt standard through other questions. The jury charge explained the State's burden, and there is no evidence any juror misunderstood the State's burden. The State did not emphasize the foreclosed hypotheticals. In sum, upon considering the entire record, we conclude any error in precluding defense counsel's question was harmless. *See Rich*, 160 S.W.3d at 577; *see also* TEX. R. APP. P. 44.2(b); *Easley*, 424 S.W.3d at 542.

We overrule appellant's sole issue on remand.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do Not Publish
TEX. R. APP. P. 47.2 (b)

Delivered and filed the
30th day of April, 2015.

11

APPENDIX - B

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

PRESORTED
FIRST CLASS

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 78701  $ 000.26⁵
02 1W
0001401623 MAY 28 2015

5/26/2015

COA Case No. 13-11-00442-CR

SAMARIPAS, DAVID JR.   Tr. Ct. No. 07-06200-CRF-272        PD-0626-15

On this day, this Court has granted the Appellant's Pro Se motion for an extension of time in which to file the Petition for Discretionary Review. The time to file the petition has been extended to Friday, July 31, 2015. NO FURTHER EXTENSIONS WILL BE ENTERTAINED. NOTE: Petition For Discretionary Review must be filed with The Court of Criminal Appeals.

7W-1-15B

Abel Acosta, Clerk

DAVID SAMARIPAS JR.
TDC# 1555601
RAMSEY UNIT
1100 FM 655 RD.
ROSHARON, TX 77583

David Samarippas JR. #1555601
Ramsey Unit
00 FM. 655 Rd.
Rosharon. Texas 77583

Court of Criminal Appeals
Attn. Clerk: Mr. Abel Acosta
P.O. Box 12308
Austin, Texas.
78711